(92 South. 512)

## CHILDERS v. STATE.　(7 Div. 730.)

(Court of Appeals of Alabama.　Feb. 7, 1922.)

**1. Criminal law ⬅369(6)—Evidence of other offenses held inadmissible.**

In a prosecution under Acts 1919, p. 16, § 15, prohibiting distillation of alcoholic beverages, evidence of acts of distillation, committed at different intervals over a long period of time, *held* inadmissible, though the acts are committed at the same place.

**2. Criminal law ⬅337—Evidence must be relevant.**

The rule that evidence must be confined to the point in issue applies as well to criminal as to civil cases.

**3. Intoxicating liquors ⬅174—Each act of distillation is a separate offense.**

Under Acts 1919, p. 16, § 15, providing that any one who shall distill any alcoholic beverages shall be guilty of a felony, each act of distillation is a distinct offense, and the subject of a separate indictment.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Richard Childers, alias, was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

C. C. Appleton and Isbell & Scott, all of Ft. Payne, for appellant.

The state elected the time and place testified to by witness Lyons, and the court committed error in allowing proof of other acts at other times. 52 Ala. 384; 109 Ala. 45, 19 South. 491; 152 Ala. 38, 44 South. 621; 136 Ala. 117, 33 South. 831.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged that he did, since January 25, 1919, distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, and was sentenced to the penitentiary for an indeterminate term of from one year and six months to two years and six months.

[1] One Lyons, a witness for the state, testified that he was at the defendant's place in the early spring of 1920, and found a rock furnace, some beer in boxes and barrels, and some still slop poured out, about 200 yards from the defendant's house; did not find any part of a still there, as it had been torn up. Another witness testified, for the state, that he was at this still place, as testified to by the witness Lyons, on Monday before Christmas of 1919; that the still was in operation, and the defendant and others were making whisky. Over the objection of the defendant, and exception of the defendant, this testimony was admitted.

Another witness for the state testified, over the objection and exception of the defendant, that he saw the defendant, with others, making whisky at a still near the defendant's house on December 23, 1919. Another witness for the state testified, over the objection and exception of the defendant, that he was at the still place near the defendant's house in July or August, 1919, and that the defendant and others were there, and they were making whisky.

[2] The familiar rule, which requires that evidence must be confined to the point in is-

---

sue, applies as well to criminal as civil cases. It is said, indeed, that—

"In criminal proceedings the necessity is stronger, if possible, than in civil, of strictly enforcing this rule; for, where a prisoner is charged with an offense, it is of the utmost importance to him that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, which alone he can be expected to come prepared to answer."

Accordingly, it is well settled as a general proposition that, upon the trial of an indictment for one offense, evidence of another distinct offense, though of the same nature, is inadmissible. Gassenheimer v. State, 52 Ala. 313; Gardner v. State, 17 Ala. App. 589, 87 South. 885; Dennison v. State, 17 Ala. App. 674, 88 South. 211. There are, however, exceptions to this general rule, and these exceptions are fully enumerated in the cases supra, and it would serve no good purpose to restate them here.

By the statute under which the appellant is prosecuted, it is not the carrying on of the business of distilling which is made indictable, but any one "who shall within this state distill, make, or manufacture any alcoholic, spirituous, malted or mixed liquors or beverages, any part of which is alcohol, shall be guilty of a felony." Acts 1919, p. 16, § 15, this, of course, to be subsequent to the 25th day of January, 1919.

[3] Each act of distillation is a distinct offense, and the subject of a separate indictment, and under the principle governing in this jurisdiction the state could only give evidence of one distinct act of distillation. Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782. We do not mean to hold that there could not arise a state of facts and circumstances, whereby testimony of other acts of distillation would not be competent under an indictment charging distillation as this indictment does; this on the theory that the offense charged and the offense proposed to be proved are so connected that they form part of one transaction, and these continuing transactions or acts being so continuous as to form but one offense. This is the proper construction of the opinion in the case of Vaughan v. State (Ala. App.) 88 South. 374.[1] In that case the admission of the defendant that he had made two or three runs there before was held to be relevant, as forming a part of the res gestæ, and that part of the opinion which holds that the crime of manufacturing liquor is continuous in its nature is qualified in keeping with what is said above.

In the instant case, while the acts of distillation were shown to be at the same place, yet they covered a long period of time, and under such differing circumstances as to constitute each a separate and distinct offense, and not cumulative instances of one offense. The trial court was therefore in error in permitting the state to introduce testimony of these distinct offenses, and the state, having offered testimony fixing a separate and distinct act of distilling, should have been held to proof of this act. For this error, the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1]Ante, p. 57.