### VEAL v. STATE.    (4 Div. 792.)

(Court of Appeals of Alabama.    April 3, 1923.)

**1. Criminal law ⬤⟝451(1)—Witness permitted to testify that apparatus was complete still.**

A witness who knows can state as a collective fact that the apparatus found is a complete still outfit.

**2. Criminal law ⬤⟝459—Witness not permitted to testify that still had been recently used.**

A witness may testify to facts from which a recent use of a still might be inferred by the jury, but will not be permitted to testify that the still had been recently used.

**3. Criminal law ⬤⟝459—Expert witness may testify as to how whisky is made.**

Witnesses who are shown to have a knowledge of such things may testify as to the kind of beer being used and from what whisky or rum is made.

**4. Criminal law ⬤⟝369(6)—Evidence of another offense of same nature not admissible.**

In a prosecution for manufacturing whisky and possessing a still, evidence that other stills were found in the same swamp in which the still in question was located is inadmissible.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

George Veal was charged, in the same indictment, in separate counts, with manufacturing whisky and with possessing a still. From a general verdict of guilty, he appeals. Reversed and remanded.

On the trial the sheriff of the county, as a witness for the state, testified that he found on or near the premises of the defendant an illicit distillery outfit, and was asked, "Was that a complete still outfit?" To this question defendant objected, and the trial court overruled the objection. The witness answered:

"All except the rod—the pipe. There was no pipe there. It was a copper still with a cap and trough, but the rod wasn't there. That was the connecting rod between or from the container or the still and the trough. This was about a 50-gallon still and was hot and had backings in it where it had just been run. The container and all were hot, but there was no fire there, but you could see that there were coals, and it was warm."

The state then asked this question, "Did they show whether or not they had been recently used?" The defendant objected to the question. The court overruled the objection, and the witness answered, "They looked like it." This witness, having stated that he "detected the odor of beer about the barrels" found, was asked, "That is the kind of beer out of which they make rum?" To this question the defendant objected. The court overruled the objection, and the witness answered "Yes." This witness was asked the further question, "Did you find any other stills right in there?" to which the defendant objected, The court overruled the objection, and the witness answered, "Yes; * * * we found three other stills."

E. O. Baldwin, of Andalusia, for appellant.

Upon the trial of an indictment for one offense, evidence of another and distinct offense, though of the same nature, is inadmissible. It was therefore error to allow the question whether any more stills were found. 18 Ala. App. 396, 92 South. 512; 52 Ala. 313; 17 Ala. App. 589, 87 South. 885; 17 Ala. App. 674, 88 South. 211.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.    The indictment was against the defendant and another. On the trial the other defendant was acquitted, and this defendant alone prosecutes this appeal.

There were numerous objections and exceptions to the introduction of evidence, but it will not be necessary to pass upon each exception specifically, other than herein appears.

[1] We have several times held that a witness who knows can state as a collective fact that a certain apparatus found is "a complete still outfit"; his knowledge of whether it is or not being subject to test by cross-examination.

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] A witness will not be permitted to testify that a still had been recently used, that being a conclusion. The witness should state the facts describing the condition of the apparatus, leaving to the jury the conclusion to be drawn from the facts testified to. In this case the witness had already testified to the facts from which a recent use of the still might be inferred by the jury, and the conclusion was for the jury, and not the witness.

[3] Witnesses who are shown to have a knowledge of such things may testify as to the "kind of beer being used and as to how and from what whisky or rum is made."

[4] The state was permitted, over the timely objection and exception of defendant, to prove the finding of other stills in the same swamp in which was the still for which the 'defendant was being ·prosecuted. The defendant was in no way connected with these other stills. The possession or operation of these other stills were distinct offenses, and it is a well-settled rule that upon the trial of an indictment charging one offense evidence of another and distinct offense, though of the same nature, is not admissible. Childers v. State, 18 Ala. App. 396, 92 South. 512.

There was ample evidence to justify the refusal of the general charge as requested by the defendant, but for the errors pointed out the judgment must be reversed, and the cause is remanded.

Reversed and remanded.