(101 So. 167)

## HAYNES v. STATE.   (6 Div. 244.)

(Court of Appeals of Alabama.   July 22, 1924.)

**1. Intoxicating liquors ☞236(19)—Evidence held not to sustain conviction of manufacturing prohibited liquors.**

Evidence *held* not to sustain conviction of manufacturing prohibited liquors, though capable of sustaining conviction of possessing still.

**2. Criminal law ☞450—Testimony that still showed it had been recently used held inadmissible, as mere conclusion.**

In liquor prosecution, state's witness could not testify that still showed it had been recently used, this being conclusion, but should state facts describing condition of still, leaving to jury conclusion to be drawn.

Appeal from Circuit Court, Cullman County; Jas. E. Horton, Jr., Judge.

Ed Haynes was convicted of manufacturing prohibited liquors, and appeals. Reversed and remanded.

Brown & Griffith, of Cullman, for appellant.

A witness should be required to state facts and let the jury draw the conclusions. McNeal v. State, 18 Ala. App. 311, 92 South. 96; Deal v. Hubert, 209 Ala. 18, 95 South. 349. Defendant was due the affirmative charge as to the first count of the indictment. Ballentine v. State, 19 Ala. App. 261, 96 South. 732.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

A witness may give a shorthand rendition of facts. 22 C. J. 535; 7 Mayfield's Dig. 320.

FOSTER, J. The appellant was indicted in two counts; the first charging that he manufactured prohibited liquors, and the second that he had in his possession a still to be used for the purpose of manufacturing such liquors.

The evidence was circumstantial. A still was found buried in appellant's pasture, in a hole 2½ feet deep and about 75 yards from his residence. There were 11 barrels of beer or slop near there. The state's evidence tended to show that this still had been buried for two months or longer. Another still with about a half gallon of malt or slop in it and smoked on the outside, was found in the edge of the woods, about 150 yards in front of the appellant's house. There was no evidence that the latter still was on the land of the appellant, or on land under his control. There were tracks leading from appellant's house to the woods in the direction of the still. There were two fresh plowed furrows in appellant's field near his house, with slop in them. There was beer or slop

---

on the cellar floor under the house, and an opening in the stove flue which was built from the ground up. The appellant denied knowledge of the 11 barrels of beer, denied ownership or control of the stills, admitted pouring out 2 barrels of beer in the furrows, and claimed that they were in the smoke-house when he moved on the place about a week before the sheriff and officers searched the premises. A man named Wilson moved out of the house immediately before appellant moved in. No liquor was found in appellant's possession or about his house.

[1] Appellant was convicted for manufacturing prohibited liquors as charged in the first count of the indictment, and was by this verdict of the jury acquitted of having in his possession a still. There was no evidence tending to connect the appellant with the manufacture of liquors; no liquors were shown to have been made. Upon the facts in the case a judgment of conviction for possessing a still would be sustained. But the jury acquitted the appellant of this charge, and there is no evidence upon which a judgment of conviction for manufacturing prohibited liquors can be sustained.

[2] A state's witness testified, over the timely objection of appellant, "there was slop where still had been run, whisky been made, my best judgment," and also "about 160 or 170 yards found that still that showed had been used right recently." There were other similar statements of the conclusions of the witness. A witness may not testify that a still showed it had been recently used, this being a conclusion. The witness should state the facts describing the condition of the still, leaving to the jury the conclusion to be drawn. Veal v. State, 19 Ala. App. 168, 95 South. 783.

It will serve no useful purpose to discuss the numerous objections to the admission of evidence, as the same questions will probably not arise on another trial. In our opinion the court erred in refusing the affirmative charge for the defendant as to the first count in the indictment, charging the manufacture of prohibited liquors. The motion for a new trial should have been granted.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.