(102 So. 241)

### COGGINS v. STATE.   (4 Div. 2.)

(Court of Appeals of Alabama.   Nov. 18, 1924. Rehearing Withdrawn Dec. 16, 1924.)

1. **Criminal law ☞508(4)—Grant of severance to defendant held not to render statements and acts of accomplices inadmissible.**

Grant of severance to defendant did not relieve him of responsibility, so as to make statements and acts of accomplices irrelevant and inadmissible against him.

2. **Criminal law ☞1159(2)—Appellate court only declares law, and does not pass on guilt.**

Appellate court does not pass on guilt of accused, but is required to declare the law and preserve precedents; hence it will not set aside verdicts or hold that court erred in refusing affirmative charge, where legal evidence exists to support conviction.

3. **Criminal law ☞363—Act, to be admissible as part of "res gestæ," must be incident to or part of act charged.**

Act, other than act constituting crime, to be admissible as part of res gestæ, must be incident of particular act charged, illustrative of such act, and in contemplation of law a part thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Gestæ.]

4. **Witnesses ☞337(4)—Evidence of possession of pistol to impeach defendant as witness held improper.**

In prosecution for unlawful possession of still, where no evidence connected pistol in defendant's possession with crime charged court erred in permitting use thereof to impeach defendant as a witness.

Appeal from Circuit Court, Pike County; W. L. Parks. Judge.

Cody Coggins was convicted of possessing a still, and he appeals.   Reversed and remanded.

Ballard & Brassell, of Troy, for appellant.

A witness may not be impeached upon an immaterial matter.   Crawford v. State, 112 Ala. 1, 21 So. 214; Robinson v. State, 14 Ala. App. 25, 70 So. 960; Metcalf v. State, 17 Ala. App. 14, 81 So. 350; Hembree v. State, ante, p. 181, 101 So. 221.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence tending to show a consciousness of guilt and an effort to suppress testimony is properly admitted.   Montgomery v. State, 18 Ala. App. 213, 91 So. 630.

SAMFORD, J.   The defendant was jointly indicted on a charge of unlawfully possessing a still, demanded a severance, and was tried alone.

[1] The fact that defendant was granted a severance did not of itself relieve him of responsibility for the acts of those jointly engaged with him in the commission of the crime charged. Everything said and done by any of the parties in the carrying forward of the common purpose, at the time of the commission of the offense, was relevant and admissible in evidence.

We have carefully examined this record, and, while there are many insistences of error, there appears to be no error except as will hereafter appear.

[2] This court has no duty resting upon it to pass upon the guilt of defendants. Our whole duty lies in declaring the law as we find it, and to preserve the precedents, to the end that parties may obtain fair trials, according to the rules. We therefore will not set aside verdicts of juries, or hold that the

trial court erred in refusing to the defendant the general affirmative charge, where there is legal evidence from which the jury can draw the conclusion that a crime has been committed, and that the defendant is the guilty agent.

[3] While the defendant was being examined on cross-examination, he testified, without objection, that he did not have a "gun" in his pocket when arrested; that Dunn (the officer) did not take a "gun" out of his pocket. After the defendant had rested his case, and after the reassembling of court after the noon hour, the defendant was recalled for recross, and this predicate was laid:

"At the noon hour, over near the restaurant, in the presence of Thompson, Pittman, and Baskins, didn't you call Mr. Dunn's attention to your pistol, and tell him to leave that off and not bring it out?"

To which witness answered that he didn't remember. Witnesses were then called by the state, and, over proper and timely objections and exceptions, testified to the conversation outlined in the predicate. As to whether the court committed error in its various rulings admitting this impeaching testimony is dependent upon the relevancy of testimony tending to prove that defendant was in possession of a pistol at the time he was engaged in the crime for which he was convicted. In order for an act, other than the act constituting the crime, to be admissible as part of the res gestæ, such act must be an incident of the particular act being litigated, and illustrative of such act, and in contemplation of law a part of the act itself. 10 R. C. L. 982, par. 164. Or, as elsewhere stated:

"Acts, statements, occurrences, and circumstances forming a part or continuation of the main transaction." 16 Corpus Juris, 572 (1114) 1.

[4] There was no evidence in this case to connect the pistol in defendant's possession with the crime charged. Being immaterial, the court erred in permitting the state to use it for impeaching defendant as a witness.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.