### TYRE v. STATE. (6 Div. 545.)

(Court of Appeals of Alabama. Feb. 17, 1925.)

1. **Intoxicating liquors** ⬅️238(1)—**Accused's guilt vel non held for jury in prosecution for possession of still.**

In prosecution under Acts 1919, p. 1086, for possessing still, etc., for manufacturing prohibited liquors, accused's guilt vel non *held* for jury so that refusal to give general affirmative charge for accused was not error.

2. **Criminal law** ⬅️448(7), 1169(9)—**Witness' opinion that excavation near accused's lot was a "still furnace," held inadmissible and prejudicial error.**

In prosecution under Acts 1919, p. 1086, for possession of still, witness' opinion that the excavation was a "still furnace" *held* inadmissible, and its admission prejudicial error, where witness was not shown to be familiar with a still furnace, and it appeared from his description that such excavation might have been used for some other purpose.

3. **Criminal law** ⬅️369(6)—**Evidence of finding of still pot subsequent to finding of other articles held improperly admitted.**

In prosecution under Acts 1919, p. 1086, for possession of still, etc., where it appeared that a still cap, etc., had been found in accused's home, evidence that two days later a still pot was found at another point, *held* improperly admitted as relating to a separate and distinct offense.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⚖⇒421(1)—Testimony that barn belonged to accused held improperly received as hearsay.**

Testimony that the barn across the road from the house where accused lived was his (accused's) *held* improperly received as hearsay, where preliminary examination revealed that witness had no independent knowledge of ownership of barn.

Appeal from Circuit Court, Fayette County; R. L. Blanton, Judge.

Boy Tyre, alias Paul Tyre, was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Curtis, Pennington & Pou, of Jasper, and S. T. Wright, of Fayette, for appellant.

A witness should not be permitted to give his opinion on a matter upon which the jury must pass. Gowen v. State, 18 Ala. App. 542, 93 So. 281; Hill v. State, 18 Ala. App. 172, 90 So. 62; Taylor v. State, ante, p. 161, 101 So. 160; Haynes v. State, ante, p. 160, 101 So. 167; Veal v. State, 19 Ala. App. 168, 95 So. 783; Henderson v. State, 19 Ala. App. 80, 95 So. 57. It was not permissible to introduce evidence tending to connect defendant with another violation than that for which he was being prosecuted. Childers v. State, 18 Ala. App. 396, 92 So. 512; Wilson v. State, ante, p. 62, 100 So. 914; Leith v. State, ante, p. 251, 101 So. 336. Evidence that defendant owned a certain barn, was inadmissible. Hill v. State, supra; Haynes v. State, supra; Hobdy v. State, ante, p. 44, 100 So. 571. The mere fact that part of a still was found on defendant's premises was not sufficient to justify a conviction. Dabbs v. State, ante, p. 167, 101 So. 220; Watkins v. State, ante, p. 246, 101 So. 334; Wilson v. State, ante, p. 62, 100 So. 914; Pate v. State, 19 Ala. App. 642, 99 So. 833.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

RICE, J. The defendant was convicted under the act approved September 30, 1919 (Acts 1919, p. 1086), of having in his possession a "still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages," and sentenced to a term in the penitentiary.

[1] The case made for the state was that the defendant, with his wife, resided in a three-room house, and that in the loft, over one of the rooms of this house, there was found a still cap, worm, and condenser, and that some one or more of these articles was or were an article or articles that "they use to make liquor with." Also that there was found in one of the rooms a small quantity of whisky and some beer in a barrel outside the house. The defendant introduced evidence to prove that, while the house in question was his home, yet, as a matter of fact, prior to the time of the finding of the articles mentioned, and for some weeks or months prior thereto, he had been there but seldom; his testimony tending further to show that one George Lee, a kinsman of defendant, had been, during the time that defendant was away, residing there, with defendant's wife and children.

Under the rules laid down by Bricken, P. J., in Wilson v. State (Ala. App.) 100 So. 914,[1] which rules were, on certiorari, approved by the Supreme Court, we hold that there was sufficient evidence adduced to make defendant's guilt vel non a jury question, and the trial court did not err in refusing the general affirmative charge in favor of the defendant.

[2] Upon the trial of the case the state's witness Walden was allowed to testify over timely objection and exception of defendant that 30 steps from defendant's lot he found a "still furnace." Witness then described the hole or excavation referred to, which could, or could not, have been used in the manufacture of whisky, so far as the description disclosed. It was not shown that witness had expert knowledge, or that he had ever even seen a "still furnace." His statement that the place described was a "still furnace" was but his mere conclusion or opinion, and should not have been allowed. This court, by oft repeated holdings, has said that witnesses in cases of this kind should confine themselves to facts, and leave to the juries the matter of drawing conclusions and expressing opinions in the premises. What to a zealous law enforcement officer engaged in running down liquor law violators might easily appear to be a "still furnace" often, no doubt, would to a calm dispassionate juror appear to be no more than a hole in the ground. We would not, of course, be understood as saying that, where a witness is shown to have knowledge, qualifies, in other words, as an expert, he may not give his opinion as to whether a given apparatus is a completed still, or is suitable for making whisky. But this is a very different proposition from allowing testimony of the kind here complained of. Here, the witness is not shown to have any acquaintance whatever with "still furnaces." The description he later gives shows that what he denominated a "still furnace" might as easily have been used for any one of a number of other purposes. His testimony in the regard mentioned was of the most damaging character, and its admission prejudicial error. Taylor v. State (Ala. App.) 101 So. 160;[2] Haynes v. State (Ala. App.) 101 So. 167;[3] Veal v. State, 19 Ala. App. 168, 95 So. 783.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 62.        [2] Ante, p. 161.        [3] Ante, p. 160.

[3] Over the vigorous objection of the defendant, the state was allowed to introduce evidence of the finding of a "still pot" at a point somewhat removed from the home of defendant, where the still cap, condenser, and worm had previously been found, upon a visit of the witnesses some time afterwards. The defendant was shown to be connected in no way with the "still pot." It was not shown to be on premises controlled by him. And it was discovered two days subsequent to the prior visit to defendant's home. If it be said that this testimony would be competent under any circumstances, it is apparent that it was of a separate and distinct offense, and should not have been allowed. Childers v. State, 18 Ala. App. 396, 92 So. 512.

[4] It was clearly incompetent to allow state's witness Walden to state, over defendant's objection that the barn across the road from the house where defendant, with others, resided "was his" (meaning defendant's). Preliminary examination revealed that witness had no independent knowledge, and that his testimony was based purely upon hearsay. Haynes v. State, ante, p. 160, 101 So. 167; Hill v. State, ante, p. 158, 101 So. 159.

We have considered all the matters that we think likely to arise upon another trial of the case. For the errors indicated, let the case be reversed.

Reversed and remanded.

