(105 So. 705)

### VEAL v. STATE. (4 Div. 23.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 30, 1925.)

Criminal law ⬅789(8)—Charge to effect there should not be conviction unless guilt was established to moral certainty properly refused.

Charge in liquor prosecution that there should not be conviction upon circumstantial evidence unless it excluded to moral certainty every other reasonable hypothesis in guilt of accused, and accused was not shown guilty by full measure of proof required if circumstances could be reconciled to theory that some other person had done the act, *held* properly refused.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

George Veal was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Veal, 213 Ala. 530, 105 So. 705.

Charge 4, refused to defendant, is as follows:

"(4) The humane provision of the law is, that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires."

Baldwin & Murphy, of Andalusia, for appellant.

There was no direct evidence of defendant's guilt, and requested charge 4 should have been given. Tatum v. State, 20 Ala. App. 24, 100 So. 569.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

RICE, J. The defendant was convicted of distilling, etc., and appeals. This case has been here once before. Veal v. State, 19 Ala. App. 168, 95 So. 783.

Charge 4, refused to defendant, was, under the reasoning and rule laid down in Tatum

v. State, 20 Ala. App. 24, 100 So. 569, the case he cites, misleading, and properly refused.

It appears that the defendant has had a fair trial, and we can find no prejudicial error in the record.

Let the judgment be affirmed.

Affirmed.