(106 So. 682)

## COGGINS v. STATE. (4 Div. 178.)

(Court of Appeals of Alabama. Dec. 15, 1925.)

Criminal law ⊚⟞459—Testimony that apparatus found was complete still not error.

In prosecution for unlawfully possessing a still suitable for manufacture of prohibited liquors, permitting state's witness to testify that apparatus found was a complete still *held* not error.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Cody Coggins was convicted of violating the prohibition laws, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

A witness should not be permitted to testify to a conclusion. Pate v. State, 20 Ala. App. 358, 102 So. 156; Hewitt v. State, 20 Ala. App. 379, 102 So. 489. A confession should not be admitted, unless proof is made that same was voluntarily given.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

It was permissible for witness to testify that the apparatus found was a complete still. Veal v. State, 19 Ala. App. 168, 95 So. 783; Pate v. State, 20 Ala. App. 358, 102 So. 156.

RICE, J. Appellant was convicted of the offense of unlawfully having in possession a still, etc., suitable to be used for the purpose of manufacturing prohibited liquors. The case has been here once before, and will be found reported in 20 Ala. App. 378, 102 So. 241. It would not be helpful to detail or discuss the evidence. It was ample to support the verdict returned. There was no error in permitting the state's witness to testify that the apparatus found was a complete still. Veal v. State, 19 Ala. App. 168, 95 So. 783. But, even so, it could not have been prejudicial by reason of the later testimony of the defendant himself.

Sufficient predicate was laid for the admission of testimony as to confessions by defendant.

The appellant appears to have had a fair trial, and, there being nowhere any prejudicial error, the judgment is affirmed.

Affirmed.