(108 So. 76)

## TIDWELL v. STATE. (6 Div. 733.)

(Court of Appeals of Alabama. Feb. 9, 1926. Rehearing Denied April 6, 1926.)

1. Criminal law ⟘1044, 1063 (4)—Conviction will be affirmed, in absence of request for affirmative charge or motion for new trial, authorizing review of facts, although facts would entitle defendant to discharge (Code 1923, § 4706).

In liquor prosecution, where there is no ruling of lower court authorizing review of facts, either by request for affirmative charge or motion for new trial, conviction will be affirmed, although state of facts showed defendant had on his premises one gallon of wine made from strawberries grown by him, entitling him to his discharge under Code 1923, § 4706.

2. Criminal law ⟘369 (6)—Admitting evidence that defendant kept cold drink stand in room adjoining shed where wine was found held erroneous, in prosecution under section making sale or possession unlawful (Code 1923, §§ 4621, 4639).

In prosecution for violating prohibition law under Code 1923, § 4621, making sale or possession unlawful, admitting evidence that defendant kept cold drink stand in room adjoining shed where wine was found held erroneous, since prosecution was not based on section 4639, relating to storing prohibited liquors, violation of which is within itself a separate and distinct misdemeanor.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Lonnie Tidwell was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

J. T. Johnson, of Oneonta, for appellant.

Defendant may lawfully have in his possession not exceeding five gallons of wine, for his own domestic use, when made from fruit or berries grown by him on his own premises. Code 1923, § 4706. This is not a case within section 4639 of the Code.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Where no charges are requested, the oral charge of the court is not set out in the record, and the action of the trial court is not sought upon the sufficiency of the evidence, nothing as to these matters is presented for review. Campbell v. State, 101 So. 84, 20 Ala. App. 118; Shepard v. State, 104 So. 674, 20 Ala. App. 628; Parcus v. State, 99 So. 662, 19 Ala. App. 592.

SAMFORD, J. [1] The defendant was charged under section 4621 of the Code of 1923, with possessing prohibited liquor, and the evidence, without conflict, disclosed that defendant had in his possession and on his own premises one gallon of strawberry wine, made by him from strawberries grown by him on his own place in Blount county. This state of facts would have entitled defendant to his discharge under section 4706, Code 1923, and such would be the order here, but for the former rulings of this court and of the Supreme Court as illustrated by the case of Woodson v. State, 54 So. 191, 170 Ala. 87. In the instant case, as in the Woodson Case, supra, there is no ruling of the lower court authorizing a review of the facts, either by a request for the affirmative charge, or motion for new trial.

[2] The prosecution in this case was not based upon section 4639, Code 1923. That section is within itself a separate and distinct misdemeanor, for which a separate indictment will lie, and without such no conviction may be had. Therefore, in a prosecution under section 4621, Code 1923, evidence that defendant kept a cold drink stand in a room adjoining the shed room in which the wine was found, was illegal, irrelevant, and immaterial. The court erred to a reversal in admitting this evidence over the timely objection of defendant.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.