(109 So. 174)

## WATFORD v. STATE.    (4 Div. 116.)

(Court of Appeals of Alabama. June 8, 1926.)

1. Intoxicating liquors  ⚯⟿238(2)—Evidence held sufficient to submit to jury as to possessing still, where parts were found in defendant's house.

Evidence *held* sufficient to take case to jury in prosecution for possessing still, where parts of still were found in defendant's house.

---

**2. Intoxicating liquors ☜239(1).**

Refusal of instruction that jury should acquit, if possession of still parts was explained to their satisfaction, *held* error, in view of Code 1923, §§ 4656, 4657.

**3. Intoxicating liquors ☜224.**

Defendant *held* presumably in possession of parts of still found in loft of his dwelling.

**4. Criminal law ☜304(2).**

It is common knowledge that stills for lawful uses can also be used for manufacture of prohibited liquors.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Dave Watford was convicted of possessing a still, and he appeals. Reversed and remanded.

Charge 2, refused to defendant, is as follows:

"(2) The unexplained possession of a part of the still is prima facie evidence of guilt, but, if such is explained to the satisfaction of the jury, the verdict of the jury should be not guilty."

C. D. Carmichael, of Geneva, for appellant.
Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. From a judgment of conviction, under the first count of the indictment, this appeal was taken. The offense there charged was the possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages, etc.

[1] There was but slight conflict in the evidence in this case. Without dispute, it was proven that the searching officers found a copper still can and still cap in the loft of defendant's dwelling house; also that these articles were such as were commonly or generally used for, or were suitable to be used in, the manufacture of prohibited liquors or beverages. As stated, there was no denial of these facts or dispute in the evidence in connection therewith. The defendant emphatically denied all knowledge of the apparatus being in the loft, and offered the testimony of several witnesses which tended to show that for some time prior to the moving into the house by this defendant the can and cap were in the loft of the dwelling, and were seen there by these several witnesses. This evidence was also without dispute. Under this status of the evidence it was clearly a jury question, and the court ruled correctly in submitting the case to the jury, as the defendant was not entitled to the general affirmative charge.

[2-4] Numerous exceptions were reserved to the rulings of the court upon the admission of the testimony. None of these rulings constitute reversible error. The oral charge of the court was fair to defendant, but we note that there is nothing in the court's oral charge, nor in the given charges, instructing the jury as to the right of the accused to explain his possession of the inhibited articles. The refusal of written charge numbered 2, therefore, was error. The statute which denounces and makes the offense here charged unlawful (section 4656, Code 1923) must be taken and construed in connection with the succeeding section (section 4657, Code 1923), which provides that the unexplained possession of any part or parts of any still, etc., shall be prima facie evidence of a violation of this article (article 3, c. 167, Code 1923). In this case there is no contention or insistence that a complete still was found. The evidence without dispute discloses that several component parts necessary to a complete still were missing, and could not be found after diligent search. Therefore, under the express terms of the statute, the accused had the right to explain to the jury such possession as the evidence may have tended to show he had of the articles in question, and, if he could do this to the satisfaction of the jury, it would be the duty of the jury to acquit him. As stated, in no part of the oral charge, nor in any of the written charges, were the jury instructed as to the right of defendant to give explanation of such possession as was shown by the evidence, and under the instructions that were given it would appear that the jury were confined solely to question of the possession only, and by inference, if not directly, were precluded from giving due consideration to such explanation of possession by defendant as he might, and in this case did, offer. In this case, when the articles complained of were found in the loft of the dwelling house of the accused, he was of necessity presumably in possession thereof. Naturally, if his explanation of such possession was satisfactory to the jury, that is, if it convinced the jury of the truthfulness thereof, or even generated a reasonable doubt in the minds of the jury that such alleged possession was unlawful, he would have been entitled to a verdict at their hands. Many illustrations could be stated which would portray the wisdom of the statute in permitting an accused to explain possession of a still or apparatus which could be used for the purpose of manufacturing prohibited liquors. It is common knowledge that some stills for the manufacture of distilled turpentine could also be used for the manufacture of prohibited liquors. Also distilling apparatus used by chemists, dentists, surgeons, and others for distilling and purifying water, could be so used. To deprive these and others of the right to satisfactorily explain to the jury their possession of these stills is a status not contemplated by the statute. We construe the statute to mean

that, where evidence is adduced showing, or tending to show, that an accused was in possession of the inhibited articles, he has the right to offer evidence explaining such possession, and that it is only when such possession is unexplained, satisfactorily, that a prima facie violation of the statute prevails.

For the error in refusing charge 2, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

SAMFORD, J., concurs in the foregoing with the additional statement, that the testimony relative to the can and cap was all the evidence of a completed still.