### GAINES v. STATE. (8 Div. 429.)

(Court of Appeals of Alabama. June 29, 1926. Rehearing Denied Aug. 31, 1926. Further Rehearing Denied Oct. 26, 1926.)

**Indictment and information ☞2(4)—Act, providing for prosecution of misdemeanors, otherwise than by indictment, held not unconstitutional (Loc. Acts 1919, p. 17; Const. 1901, §§ 7, 8).**

Loc. Acts 1919, p. 17, providing for prosecution of misdemeanors in circuit court of Madi-

son county, otherwise than by indictment by the grand jury, does not violate Const. 1901, §§ 7, 8.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Sam Gaines was convicted of unlawfully possessing prohibited liquors, and he appeals. Affirmed. ·

Certiorari denied by Supreme Court in Gaines v. State, 110 So. 601.

Cooper & Cooper, of Huntsville, for appellant.

The evidence was not sufficient to sustain a conviction, and defendant's motion for a new trial should have been granted. Mathews v. State, ante, p. 181, 106 So. 390; Anderson v. State, 20 Ala. App. 505, 103 So. 305. The local act under which this prosecution was commenced is void. Const. 1901, § 8; Larkin v. Simmons, 155 Ala. 273, 46 So. 451; Adcock v. State, 142 Ala. 30, 37 So. 919.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The question of the guilt of the defendant was properly left to the jury. Coggins v. State, 20 Ala. App. 378, 102 So. 241. The act providing for the institution and prosecution of misdemeanors in Madison county is not invalid. Roseberry v. State, 20 Ala. App. 450, 103 So. 898.

SAMFORD, J. Under the rules of evidence obtaining in this state fixed by our decisions, as well as by statute, we are bound to hold that there was sufficient evidence in this case upon which the trial judge could reach a conclusion of guilt. Code 1923, § 4650; Coggins v. State, 20 Ala. App. 378, 102 So. 241.

Giving the findings of the trial judge the presumptions to which they are entitled under the law, we also hold that the trial judge did not commit error in overruling the defendant's motion for a new trial. Coggins' Case, supra.

Recognizing the persuasive argument of appellant's counsel, we still hold that the Act of the Legislature approved February 11, 1919 (Loc. Acts 1919, p. 17) "To provide for the institution and prosecution of misdemeanors in the circuit court of Madison county, otherwise than by indictment by the grand jury," does not violate sections 7 and 8 of the Constitution of 1901. Roseberry v State, 20 Ala. App. 450, 103 So. 898; Reese v. State, 16 Ala. App. 430, 78 So. 460; Witt v. State, 130 Ala. 129, 30 So. 473; Thomas v. State, 107 Ala. 61, 17 So. 941.

We find no error in the record, and the judgment is affirmed.

Affirmed.