(121 So. 442)

### YOUNG v. STATE. (7 Div. 466.)

Court of Appeals of Alabama. March 26, 1929.

Chas. J. Scott, of Ft. Payne, for appellant.

[1] 22 Ala. App. 102.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J. The specific charge for which this defendant was tried and convicted was the mixing and making of a quantity of beer, having an alcoholic content and suitable to be used as a beverage. There was sufficient evidence to make this a jury question. The court so charged the jury, and in this there was no error.

Over timely objections and exceptions of defendant, the state was allowed to introduce evidence tending to prove that, after finding the beer down in the woods, the officers continued the search extending to the house, where defendant lived, which was a distance of some 200 yards, at which place they found one pint of whisky and that they smelled of the ashes in the fireplace and a hole in the floor, where whisky had been poured out. There was a detailed description of the search of the house and the pint of whisky found, as well as the hole in the floor and the appearance and smell of the ashes in the fireplace, the odor of which indicated that whisky had been poured out at the places described. Why the pint of whisky was not emptied is not explained, nor does it appear whether this defendant destroyed the whisky at the house, or that it was disposed of by some of the other inmates of the house. But, none of these facts related to or were connected with the beer found 200 yards away and in the woods, for the making of which the defendant was being prosecuted. If the beer or a part of it had been distilled into whisky and whisky of the kind and character made from such beer had been found in defendant's house where he lived, the whole of this testimony might have been admissible as a part of the same transaction. But, the prosecution here is limited to the making of the beer, and it is not even claimed that any part of it was ever distilled. This line of inquiry injected into the case an inquiry into another crime, and was reversible error. Windham v. State, 20 Ala. App. 16, 100 So. 457; Tyre v. State, 20 Ala. App. 483, 103 So. 91; Cobb v. State, 20 Ala. App. 542, 103 So. 387; Thomas v. State, 20 Ala. App. 128, 101 So. 93; McMickens v. State, 16 Ala. App. 78, 75 So. 626; Glover v. State, 21 Ala. App. 423, 109 So. 125; Tidwell v. State, 21 Ala. App. 315, 108 So. 76. In Holland v. State, 21 Ala. App. 520, 109 So. 885, and in other cases of similar nature, evidence of whisky in several different places on defendant's premises was held to be admissible as being a part of the same transaction, but in this case the facts present an entirely different case.

For the errors in permitting the line of inquiry above pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.