(124 So. 406)

## OTWELL v. CITY OF BIRMINGHAM.
### (6 Div. 392.)

Court of Appeals of Alabama.   Nov. 5, 1929.

Fort, Beddow & Ray, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

BRICKEN, P. J. The prosecution against this appellant originated in the recorder's court of the city of Birmingham, and was for a violation of the prohibition laws of said city. From a judgment of conviction in the recorder's court, an appeal was taken to the Jefferson circuit court. The case was there tried by a jury upon a complaint filed by the attorney for the city of Birmingham. From a judgment of conviction in the circuit court this appeal was taken.

The evidence adduced upon the trial for the city tended to show that this appellant was found in a garage where there was about 206 gallons of whisky, the garage being in the city of Birmingham. The arresting officers located the whisky in a certain locked garage in the rear of 915 South Sixteenth street, and secreted themselves in nearby buildings and watched this garage. After waiting a short while, this appellant drove up in a Ford car with a negro. Appellant got out of the car, went to the door of this garage, and with the key in his possession unlocked the door and went into the garage, whereupon the officers immediately arrested him. The evidence of a Mrs. M. Brown, witness for the city, tended to show that she was the owner of the garage in question, and that she had rented said garage to this appellant on the day before the arrest was made, and that at the time she rented it to him there was no whisky in the garage. In addition to the foregoing, there was some evidence which tended to show that appellant voluntarily stated "he had rented the garage the night before" the arrests were made.

Appellant, alone, testified in his own behalf. He denied having rented the garage from Mrs. Brown, denied ownership or possession of the 206 gallons of whisky, and accounted for his presence at the garage by stating he had bargained with another party to purchase one gallon of the whisky, and that said party handed him the key to the garage and instructed him to go with the negro and get the gallon. He also denied having made a statement to the officers to the effect he had rented the garage in question the day before. This conflict in the evidence presented questions for determination by the jury, thus rendering inapt the affirmative charge, which appellant in his third assignment of error insists should have been given.

By assignment of error No. 1 it is insisted that the court erred in refusing to defendant the following written charge: "I charge you, gentlemen of the jury, that if you believe that the ownership of the whisky was in another other than the defendant, and you believe that the defendant had no interest in said liquor as a partner or otherwise, then you should acquit the defendant."

This charge was properly refused, for not being predicated upon the evidence. It was properly refused, also, for the reason that "ownership of the whisky," or "interest therein as a partner," are not necessarily essential ingredients of the offense of being unlawfully in possession thereof. Harbin v. State, 19 Ala. App. 623, 626, 99 So. 740 (on rehearing). Ex parte State ex rel. Attorney General (Harbin v. State) 210 Ala. 55, 97 So. 426. In this case the Supreme Court said: "We hold that the possession prohibited includes any possession by manucaption or physical dominion, of however, brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction. It is none the less an unlawful possession because it is by the permission of the owner of the liquor, and in his immediate presence. It may be conceded that in such a case the owner, so called, would remain in the constructive possession of the liquor, and nevertheless his permissive custodian would have an actual possession which the statute prohibits."

■ Assignment of error No. 2 is predicated upon the refusal of the following charge: "I charge you, gentlemen, that the law looks with disfavor on confessions, and unless you believe that the defendant in truth and in fact made the alleged confession, and that the same was made without threats or hope of reward held out on the part of the officers, you should not consider such alleged statement, and the court charges you that you should give the same no weight in determining the issues."

Admissions in the nature of confessions are governed by the same rules as confessions proper. They are prima- facie involuntary and should not be allowed to go to the jury until shown to be voluntary. Their *admissibility*, however, is exclusively for the court, and not for the jury; hence the foregoing charge was properly refused. The trial court having determined the admissibility of defendant's alleged admissions, and submitted them to the jury, it was not the province of the jury to also determine their admissibility. The duty devolved upon the jury to consider them, even if the jury believed such admissions to have been made involuntarily. This charge was also invasive of the province of the jury by the expression, "you should not consider such alleged statement." The proposition of law attempted to be stated in said charge was fairly and substantially covered by the oral charge of the court. Moreover, said charge was not predicated upon a consideration of the evidence.

■■ The record discloses that the objection to the question propounded to witness, Wat-

son, to wit, "Did Mr. Otwell make any statement to you about renting a garage," came too late. The witness had already answered the question. But, aside from this, it was a proper and material inquiry, and not subject even to a timely objection. Moreover, the assignment of error predicated upon this ruling of the court is improperly stated, and is not borne out by the record. What has been here said, as to the matter being a proper inquiry, applies also to assignments of error numbered 7 and 8.

The ruling of the court made the basis of the ninth assignment of error is so clearly correct it needs no discussion. The question propounded was too indefinite and general; the objection was properly sustained.

■ Proposition 10, based upon assignment of error 11, is waived, as appellant presents no argument in support thereof, and this is necessary, under the rules of practice and procedure, as in civil cases.

■ Assignment of error 12 (proposition 11 in appellant's brief) is inadvertent and cannot be sustained, as the discrepancy in the record complained of had been supplied by agreement of parties to this cause, and the record as amended by agreement contains the complaint upon which appellant was tried in the circuit court, and meets every requirement and shows due process of law.

We discover no prejudicial error in any of the rulings of the court presented for our consideration. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.