HARRIS, Judge.
Appellant, Bernard T. Reid, was indicted by the Jefferson County Grand Jury on April 9, 1982, for theft in the first degree. On December 17,1982, he was found guilty as charged in the indictment and was sentenced to six years’ imprisonment in the state penitentiary. After one year's imprisonment appellant was released on probation for the remaining five years, during which time he was to make restitution in the amount of $40,000.00.
Charlie Berzett, store manager for Berco Supply Company, testified that on or around August 20, 1981, he talked with B.T. Reid, of B.T. Reid Construction Company, regarding the purchase of parts for six crawler tractors. Appellant stated at the time that payment for the parts would be made in cash by one check after he received a loan from Birmingham Trust National Bank (BTNB). Berzett requested that appellant post-date his check no later than September 10. Appellant dated the check September 12, 1981, and the amount was left blank. On September 12, the secretary at Berco filled in $42,686.58, which was the total for all the parts delivered to appellant, to complete the check.
On August 21, after the first of six separate deliveries, Berzett received assurances from appellant that he was not going to sell the tractors undergoing repairs and that the tractors were going back out on the job. Five deliveries were made thereafter.
In early to mid-September bonding companies took over the operation of B.T. Reid Construction Company.
On about September 20, appellant requested a second set of invoices referencing the parts purchased to the individual tractor they were purchased for. Berzett testified that appellant told him the invoices were needed by BTNB in processing his loan. Appellant testified that he told Ber-zett he needed the invoices for the bonding companies.
On September 23 or 24 the bank dishonored the check, stating that there were insufficient funds to cover it. Berco Supply never received any money from appellant in payment of the debt.
Assets of B.T. Reid Construction Company were sold to Celco Enterprises, Inc., including the six tractors repaired with parts from Berco, and B.T. Reid was paid $250,000 from October 1, 1981, to March of 1982.
Ollie Sandlin, a senior vice president with BTNB testified that BTNB held title to the six tractors and leased the equipment back to Reid with an option to purchase at the end of the lease. In October 1981, Reid issued an authorization to BTNB to transfer his company’s interest to Celco pursuant to Celco’s payment of the loan and the purchase option.
James Monroe Deming, formerly an accountant for B.T. Reid Construction Company, testified that the company owned no equipment in August or September of 1981 and that everything was leased. In addition, in the months of July and August of 1981, the company’s expenses were greater than its income. Thirty days before the check to Berco was completed there were insufficient funds to cover the check. B.T. Reid Construction Company did not finish a job after July 1981. Appellant challenges three of the trial court’s rulings regarding admission and non-admission of certain evidence.
First, appellant maintains that the trial court erred in ruling that evidence establishing that bonding companies assumed *150 the operation of B.T. Reid Construction Company was inadmissible. Appellant contends that such evidence was relevant in regard to the question of whether he possessed the requisite intent to commit the crime.
Determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. Payne v. State, 419 So.2d 286 (Ala.Crim.App.1982); Beasley v. State, 408 So.2d 173 (Ala.Crim.App.), cert. denied, 408 So.2d 180 (Ala.1982); Glenn v. State, 395 So.2d 102 (Ala.Crim.App.), cert. denied, 395 So.2d 110 (Ala.1981). In a criminal prosecution the trial court is not in error when it excludes evidence which is not relevant or close to issues presented, and on appeal it is appellant’s burden to show that proffered testimony was relevant to some issue. Hembree v. City of Birmingham, 381 So.2d 664 (Ala.Crim.App.1980).
The case before us was factually complex and it was the duty of the trial judge to confine the evidence to the points at issue so that the jury would not be needlessly distracted or confused. Childers v. State, 18 Ala.App. 396, 92 So. 512 (1922); Jones v. State, 17 Ala.App. 394, 85 So. 830 (1920).
We find no error in the trial court’s ruling on this issue. The intent of appellant at the points in time when he arranged for Berco Supply Company to deliver $42,-686.58 worth of parts to him, and when he issued a check for those parts, was the issue before the jury. The subsequent takeover of his failing business by the bonding companies did not bear upon the issue; on the contrary, admission of this evidence would quite properly have been confusing to the jury, given the complex nature of the facts of this case.
Secondly, appellant contends that the trial court committed reversible error when it ruled that a letter written by the district attorney’s office was not admissible to show witness Berzett’s bias.
The trial court is afforded broad discretion in passing on the admissibility of evidence, and its determination will not be disturbed on appeal absent a clear showing of abuse. United States v. Terebecki, 692 F.2d 1345 (11 Cir.1982); Payne v. State, 419 So.2d 286 (Ala.Crim.App.1982). Appellant in the case before us has not shown abuse of discretion by the trial court. We find appellant’s argument that the actions of the DA’s office showed bias on the part of witness Berzett, who received a worthless check from appellant, untenable.
Third, appellant contends that the trial court erred in admitting State’s Exhibits 9, 10, 11, and 12 into evidence. These exhibits were comprised of the second set of invoices made out at appellant’s request. Appellant’s objection to the admission of these exhibits at trial was that they were a duplication of exhibits already in evidence. The trial court overruled this objection since the second set of invoices related the parts purchased to specific tractors, whereas the first set did not. Later, after this evidence was admitted, and now on appeal, appellant protests that these exhibits should not have been admitted because they were hearsay. At trial, the court stated that they were admissible under the exception for records kept in the “ordinary course of business.” We find no error in the trial court’s ruling.
Appellant contends that the trial judge erred when he overruled appellant’s motion for mistrial made at the conclusion of a loud argument between opposing counsel.
In Hurt v. State, 361 So.2d 1163, 1167 (Ala.Crim.App.1978), this court held:
“There is no legal standard by which the prejudicial qualities of the improper remarks of a prosecutor in the trial of a case can be gauged. Each case must be determined on its own merits and attendant circumstances.” (citations omitted)
In the case before us, the remarks complained of are not in the record and whatever was said was outside the presence of the jury. It is axiomatic that the grant or denial of a motion for mistrial is a matter within the sound discretion of the trial *151 court whose ruling will not be disturbed on appeal absent a showing of manifest abuse. Durden v. State, 394 So.2d 967, cert. denied, 394 So.2d 977 (Ala.1981); Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Section 12-16-233, Alabama Code (1975).
No abuse of discretion has been shown in this case. Thus, the trial court’s ruling is due to be upheld.
Furthermore, error is not presumed on appeal. The burden is on appellant to affirmatively show any error. Gilbert v. State, 401 So.2d 342 (Ala.Crim.App.1981). Where the record on appeal is silent, it will be presumed that what ought to have been was done. Jolly v. State, 405 So.2d 76 (Ala.Crim.App.1981); Gilbert v. State, supra.
Appellant also contends that the denial of his motion for mistrial based upon a line of questioning involving appellant’s brother and his whereabouts was reversible error.
The trial judge is in a better position than an appellate court to determine whether remarks before a jury are so prejudicial as to be ineradicable. Favor v. State, 389 So.2d 556 (Ala.Crim.App.1980); Chambers v. State, 382 So.2d 632 (Ala.Crim.App.), cert. denied, 382 So.2d 636 (Ala.1980). Therefore, we find no error in the trial court’s ruling.
In oral arguments before this court appellant challenged the failure of the trial court to charge the jury on third degree theft.
An accused is not entitled to have the jury charged on a lesser included offense unless there is a reasonable theory from the evidence to support the lesser offense. Myers v. State, 401 So.2d 288 (Ala.Crim.App.1981). We find no error under the facts of this ease in the trial court’s failure to charge the jury on third degree theft.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.