# Spencer v. The State.

### Indictment for Arson.

*Charge to jury, as to defence of alibi.* — A charge to the jury, in a criminal case, " that the law always looks with suspicion on the defence of an *alibi*," does not assert a correct legal proposition, is an invasion of the province of the jury, and is unfair to the accused.

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The prisoner in this case was indicted for arson, was convicted, and sentenced to imprisonment in the penitentiary for the term of seven years. The bill of exceptions shows that the defendant offered evidence tending to prove an *alibi* on his part ; and that the court charged the jury, in reference to this defence, as follows : " The defence of an *alibi*, which the law always looks upon with suspicion, must show to the satisfaction

[Spencer *v.* State.]

of the jury that it was a physical impossibility for the prisoner to have committed the crime, before they can acquit him on the ground of this defence alone." This charge, to which the prisoner excepted, was given at the request of the State ; and it is now assigned as error, together with other matters which require no particular notice.

PERCY WALKER, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — The only question of any grave import in this case arises out of the charge given by the court, at the instance of the prosecuting attorney, in reference to the defence of an *alibi*. The charge cannot be sustained. An *alibi* should be proven, just as any other fact connected with the prosecution or defence should be proven ; that is, " to the satisfaction of the jury." ·But the charge is calculated to weaken the force of the evidence in behalf of the accused, and is, so far, an invasion of the province of the jury. It is by no means a conceded principle of law, that the defence of an *alibi* " is looked upon with suspicion " by the law. It is said by Mr. Best, a very high authority among text-writers on the law of evidence, that, " After all, the jury are frequently reduced to the difficult and painful duty of weighing the testimony on the one side against that on the other ; and in doing so, it is their duty, on the one hand, to recollect that the presumption of law, as well as of justice, is against the prosecutor ; and therefore, that if the evidence on both sides is equal, or nearly so, they should incline to the side of mercy." Best on Pr. Ev. 120, mar. The charge of the court was obviously unfair, and founded in a misconception of the law. The Constitution secures to every one criminally charged, not only a trial according to " due process of law," but also a " fair and impartial trial." Constitution of Alabama, Art. I. § 9 ; *Ex parte Chase*, 43 Ala. 303. The charge of the court was not in this spirit. 47 Ala. 659.

The judgment of the court below is reversed, and the cause remanded for a new trial ; and the defendant will be kept in custody in the mean time, until discharged by due course of law.