# Provo v. The State.

## Indictment for Larceny.

1. *Charge to jury, as to defense of alibi.*—A charge to the jury in a criminal case, instructing them that they ·"should consider the evidence of an *alibi* with great caution—that the law so considered it, because it was so easily manufactured, but that an *alibi*, when once established to the satisfaction of the jury, was as good as any other evidence" [defense], is not erroneous.

2. *Charge to jury, stating evidence.*—A charge to the jury, when asking further instructions, in reply to an inquiry by one of the jurors, whether there was any evidence of a particular fact, "that that was matter exclusively for the jury, but they would remember what one witness said on that point," is not an invasion of the province of the jury, nor calculated to mislead them, nor otherwise objectionable.

FROM the City Court of Montgomery.

Tried before the Hon. J. A. MINNIS.

The indictment in this case charged, that the defendant, Meredith Provo, "feloniously took and carried away a sheep, the personal property of James L. Sampey." On his trial, he reserved a bill of exceptions to the charges given by the court to the jury, as stated in the opinion of the court.

BENJ. GARDNER, for the defendant, cited the case of *Spencer v. The State*, 50 Ala. 124.

JOHN W. A. SANFORD, Attorney-General, for the State, cited Burrill on Circumstantial Evidence, 517–8; Best on Evidence, vol. 2, § 655; *Carter v. The State*, 33 Ala. 429; *Alsobrooks v. The State*, 52 Ala. 24.

MANNING, J.—Exception was taken in the City Court to the instructions of the judge, "that the jury should consider the evidence of an *alibi* with great caution; that the law so considered it, for the reason that it was so easily

manufactured; but that an *alibi*, when once established to the satisfaction of the jury, was as good as any other *evidence.*" We suppose this should be *any other defense.* This was one among other charges given, and is not equivalent to the instruction held to be erroneous in *Spencer v. State* (50 Ala. 124)—that "the defense of an *alibi* · · · the law always looks upon with suspicion," and it must be shown, "to the satisfaction of the jury, that it was a physical impossibility for the prisoner to have committed the crime, before they can acquit him on the ground of this defense alone." On the contrary, the charge now under consideration, while it instructs the jury that they "should consider *the evidence* of an *alibi* with great caution, · · · for the reason, that it was so easily manufactured," at the same time informed them that where an *alibi* was established to the satisfaction of the jury, it was as good a defense as any other. The evidence against the accused ought also to be considered "with great caution; and if the jury were not intelligent enough to know this, it is to be presumed they were so instructed, in some of the other charges that were given. In fact, this is almost always done.

The Supreme Court of Tennessee held, that "the defense of an *alibi*, though necessarily conclusive, if clearly, certainly, and fully established, is one so liable to abuse, from the ease with which it is concocted when a design exists to practice a fraud on the State, and even when that design does not exist, by ignorant mistakes as to the particular hour and lapse of time, that it requires great strictness and attention on the part of the court and jury, to avoid being frequently misled by it." This is another, but more forcible, mode of expressing the same ideas that are embodied in the charge objected to. There is no error in calling to them in a proper case, such as this was, and in the manner employed by the City Court, the attention of a jury whose duty it is to render a "true verdict, according to the evidence." They were not so insisted on as unduly to influence the jury.

2. Exception was taken to the action of the court in another matter. The jury, after having retired to consider of their verdict, returned into court for further instructions, when one of them asked, "if there was any evidence that any person had seen the money paid by defendant for the mutton," supposed to be meat of the sheep alleged to have been stolen. "The court replied, that that was matter exclusively for the jury, but the jury would remember that one witness testified as to what defendant said he was to pay— one dollar and a quarter, or one dollar and a half—for the mutton; the jury will remember for themselves what this wit-

ness said, and any other evidence on that point;" to which the defendant excepted.

There was nothing said by the judge, in this response, that could mislead the jury to the prejudice of defendant. It rather tended to support his claim, that he had bought the mutton; and the bill of exceptions shows, that the evidence was not misstated. The only reason that we can imagine (there is no argument or brief on behalf of appellant showing any) for taking this exception, is, that it was supposed to be wrong in the court to remind the jury of evidence that had been given, by mentioning it to them. On the contrary, it may be often the duty of a judge to do this; and he is authorized by statute to do so, in cases like the present. By section 2678 of the Revised Code, it is enacted: "The court may state to the jury the law of the case, and may. also state the evidence, where the same is disputed; but shall not charge on the effect of the testimony, unless required to do so by one of the parties."

We find no error in the record, and the judgment is affirmed.