# Phillips *v.* The State.

### *Larceny.*

(Decided June 2, 1910.—52 South. 746.)

1. *Indictment and Information; Matters Included; Great Includes Lesser; Larceny.*—One may be convicted of petit larceny under an indictment charging grand larceny or larceny from a storehouse since the greater includes the lesser crime.

2. *Appeal and Error; Harmless Error; Refusal to Charge.*—One convicted of petit larceny is not prejudiced by a failure or refusal of the court to charge as to grand larceny.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

[Phillips v. The State.]

Stanford Phillips was convicted of petty larceny and he appeals. Affirmed.

PINKNEY SCOTT, for appellant. The motion in arrest of judgment should have been granted because the indictment charged grand larceny while the conviction was for pettit larceny.—*Stone v. The State,* 115 Ala. 121. On the proof the court should have instructed a verdict for the defendant.—*McCullough v. The State,* 63 Ala. 79; *Carl v. The State,* 125 Ala. 104; *Willis v, The State,* 134 Ala. 450.

ALEXANDER M. GARBER, Attorney General, for the State. The charge of which the defendant was convicted was included in the indictment, and the motion in arrest of judgment was properly refused.—*Bolling v. The State,* 98 Ala. 81; *Morris v. The State,* 97 Ala. 82.

SIMPSON, J.—The appellant was indicted for larceny; the first count charging grand larceny in general terms, and the second charging grand larceny, setting out a number of articles of drugs stolen, aggregating enough to make grand larceny.

The charges requested by the defendant and refused are all to the effect that the defendant could not be convicted at all unless the evidence showed that he was guilty of grand larceny, or that he could not be convicted of petit larceny. Our decisions are clear to the point that, under an indictment for grand larceny, a party may be convicted of petit larceny.—*Morris v. State,* 97 Ala. 82, 12 South. 276. As the verdict in this case was for petit larceny only, no injury could occur to the plaintiff from the refusal to charge on the subject of grand larceny.—*Mitchell v. State,* 133 Ala. 65, 32 South. 132; *Williams v. State,* 140 Ala. 10, 37 South. 228.

[Jackson v. The State.]

Neither count charges the statutory offense of stealing from a "storehouse, etc."—Code 1907, § 7324. Hence the charges which seem to have reference to that offense are inapposite, and the cases of *Stone v. Sate*, 115 Ala. 121, 20 South. 275, and *State v. McFarland*, 121 Ala. 45, 48, 25 South. 625, are not applicable. Moreover, this court has held that, since the amendment to the statute making the stealing from a "storehouse, etc.," grand larceny only when the value is of $5 or more, the defendant may, under an indictment charging grand larceny from a storehouse, be convicted of the lesser offense of petit larceny.—*Storrs v. State*, 125 Ala. 101, 103, 29 South. 778.

There being no error apparent on the record, the judgment of the court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.