**WEBSTER v. STATE.** (6 Div. 286.)

(Court of Appeals of Alabama. Jan. 15, 1924. Rehearing Denied Feb. 19, 1924.)

**1. Criminal law ⬤═⇒572—Evidence generating reasonable doubt of guilt sufficient proof of alibi.**

Proof of alibi is sufficient if, taken in connection with all evidence, it is sufficient to generate in jury's minds a reasonable doubt as to defendant's guilt.

**2. Criminal law ⬤═⇒1056(1), 1091(10)—Instruction not reviewed unless exception is reserved and appears in bill of exceptions.**

Unless exception to oral charge is reserved on trial and appears in bill of exceptions, no question for review is presented.

**3. Witnesses ⬤═⇒345(2)—Conviction of manufacturing whisky cannot be used to impeach reputation.**

Conviction of witness for manufacturing whisky does not involve moral turpitude, and hence cannot be used to impeach his reputation.

**4. Witnesses ⬤═⇒363(1)—Evidence of law violation by witness and similar charges pending against him would not show bias or interest.**

Evidence that state's witness, in prosecution for violating prohibition law, had been engaged in manufacturing whisky, and that charges similar to that against defendant were then pending against him, would not tend to show bias or interest in favor of cause or of defendant.

**5. Criminal law ⬤═⇒1153(4)—Witnesses ⬤═⇒267—Much latitude allowed in discretion of court as to cross-examination; sound discretion of court as to cross-examination of witnesses not reviewed except in extreme cases of abuse.**

Much latitude is allowed in cross-examination of witnesses, within court's sound discretion, which will not be reviewed except in extreme cases of abuse.

Appeal from Circuit Court, Fayette County; R. L. Blanton, Judge.

Green Webster was convicted of violating the prohibition law, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Webster, 100 South. 202.

S. T. Wright, of Fayette, for appellant.

The burden is upon the state to prove defendant's guilt beyond a reasonable doubt. Caraway v. State, 18 Ala. App. 541, 93 South. 337; Albritton v. State, 94 Ala. 76, 10 South. 426; Beavers v. State, 103 Ala. 37, 15 South. 616; Doby v. State, 15 Ala. App. 591, 74 South. 724. It should have been permitted defendant to ask state's witness on cross-examination if he had not been engaged in manufacturing whisky. Wilkerson v. State, 140 Ala. 165, 37 South. 265; Titus v. State, 117 Ala. 16, 23 South. 77; Johnson v. State, 199 Ala. 255, 74 South. 366.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. There were two counts in the indictment, but, the conviction being under the first count, it will not be necessary to notice rulings of the court applicable only to the second count.

[1] The defense was that of an alibi, and on this point the court in its oral charge said:

"The proof as to the alibi is sufficient whenever, taken in connection with all the evidence in the case, it is sufficient to generate in your minds a reasonable doubt as to the guilt of the defendant."

This is the rule declared in Caraway v. State, 18 Ala. App. 547, 93 South. 376, and to which we adhere.

[2] Insistence is made in brief of counsel that error was committed by the trial court in another portion of its oral charge, the excerpt being quoted in the brief, but no exception to this excerpt appears in the record. Unless exception is reserved on the trial and appears in the bill of exceptions, no question for review is presented to this court. Bean v. State, 18 Ala. App. 281, 91 South. 499.

[3, 4] Upon the cross-examination of one of the state's witnesses, defendant's counsel sought to prove that witness had been engaged in manufacturing whisky, and that charges of a similar nature as the one for which defendant was then being tried were then pending against witness. This testimony was not relevant for any purpose. If witness had been convicted of manufacturing whisky, such conviction, not involving moral turpitude, could not be used to impeach his reputation. Abrams v. State, 17 Ala. App. 379, 84 South. 862. Nor would such evidence have a tendency to show bias or interest of the witness in favor of the cause or the person on trial.

[5] Much latitude is to be allowed in cross-

examination of witnesses, within the sound discretion of the trial courts, and this discretion will not be reviewed except in extreme cases of abuse of this discretion. Lowman v. State, 161 Ala. 47, 50 South. 43. It may be noted that, in the Johnson Case, 199 Ala. 255, 74 South. 366, the Supreme Court reaffirmed the above rule, and for that reason refused to permit the judgment to be reversed.

The foregoing is also applicable to assignments 8 and 9. We find no error in the record, and the judgment is affirmed.

Affirmed.