(101 So. 73)

## COCHRAN v. STATE. (6 Div. 415.)

(Court of Appeals of Alabama. June 24, 1924.)

**1. Criminal law ☞478(1)—Witness authorized to testify as expert, when.**

To authorize a witness to testify as an expert, it must appear that, by study, practice, experience, or observation as to the particular subject inquired about, he has acquired knowledge beyond that of the ordinary person.

**2. Criminal law ☞471, 1169(9)—Physician cannot testify as expert that collar stopped knife; admission of testimony of expert on matter provable by description held error but not prejudicial.**

In prosecution for assault with intent to kill, the fact that complaining witness' collar stopped the force of the descending knife was provable by description, from which the jury could draw its own conclusions, and not provable by physician and surgeon as expert, but his testimony to such effect was not prejudicial error.

**3. Witnesses ☞383 — Witness' statements to defendant's father, after assault held immaterial.**

In prosecution for assault with intent to kill, statement by witness to defendant's father after the difficulty that "they would have had the knife away from him in a little bit," etc., was immaterial, and hence was inadmissible on cross-examination to impeach the witness.

**4. Witnesses ☞319—Witness not impeachable upon immaterial testimony.**

A witness cannot be impeached upon immaterial testimony.

**5. Witnesses ☞414(1)—Cross-examination of defendant's companion held admissible to support assaulted conductor's theory of assault.**

In prosecution for assault on railroad conductor, with intent to murder, for refusal to return change for $1, cross-question to defendant's companion as to how many tickets he and defendant had purchased *held* admissible to support the conductor's claim that he received tickets for defendant's whole party, leaving no occasion to give him money.

**6. Criminal law ☞364(1)—Everything said and done during altercation preceding assault held admissible as res gestæ.**

In prosecution for assault on railroad conductor, with intent to murder, everything said and done during the continuous altercation, from time defendant demanded change for $1 until he stabbed the conductor, was admissible as part of the res gestæ.

**7. Criminal law ⟨key⟩829(1)—Refusal of charges covered by other given charges held not error.**

Refusal of defendant's correct charges, covered by other given charges, was not error.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Morgan Cochran was convicted of assault with intent to murder, and appeals. Affirmed.

Ernest B. Fite, of Hamilton, for appellant.

The force of the cut inflicted by defendant was not the subject of expert testimony. Humber v. State, 19 Ala. App. 451, 99 South. 68. Counsel argue other points, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence.

SAMFORD, J. [1, 2] The trial court permitted Dr. Howell, who qualified as an expert physician, to testify, over the objection and exception of defendant, that in his judgment as a physician and surgeon, after having examined the wound on the party assaulted and the collar worn by him at the time the wound was made, the collar stopped the force of the knife as it came down. To authorize a witness to testify as an expert it must appear that by study, practice, experience, or observation as to the particular subject inquired about he has acquired a knowledge beyond that of the ordinary person. Clemons v. State, 167 Ala. 20, 52 South. 467. The fact inquired about here was susceptible of proof, by description, from which the jury could draw its own conclusions, and was not within the realm of the expert knowledge of a physician and surgeon. Humber v. State (Ala. App.) 99 South. 68.[1] But this case differs from the Humber Case as to the materiality of such evidence. In that case a material inquiry was the position of the parties when the shots were fired, while here no such question is involved, and the severity of the wound as given, was not denied. The effect of the testimony given could not affect or shed any light on any fact in the case which would prejudice defendant's case. The error in this case will not justify a reversal.

[3, 4] On the cross-examination of state's witness Wilson, he was asked this question: "Did you say to him, in substance, that they would have had the knife away from him in a little bit and would have had the advantage of him?" This had reference to a conversation between Wilson and Morgan Cochran, the father of defendant, in Haleyville, some time after the difficulty occurred. Even if Wilson, the witness, had made such statement, it would have been immaterial, and there is no rule better settled than that a witness cannot be impeached upon immaterial testimony.

[5, 6] The state, over the objection and exception of defendant, was permitted, on cross-examination of Roy Allsop, to inquire of Allsop how many railroad tickets had been purchased by himself and defendant at the point at which they boarded the train. The difficulty between defendant and the conductor arose over the collection of fare; the defendant claiming he had given the conductor one ticket and $1 in cash in payment for two fares, and in return was due some change, the conductor claiming that he had been given four tickets for the fares of Allsop and defendant and two girls with them, and that these four were the only passengers boarding his train at the point where defendant got on. It was shown by the evidence that Allsop, defendant, and the two girls were all in the same party, and, if there were only four fares due and the party had four tickets, there would be no occasion for defendant to have given the conductor any money. This fact, if established, would tend to corroborate the testimony of the conductor as to the origin of the difficulty. From the time defendant demanded of the conductor the change for a dollar until defendant made the assault, there was a continuation of the altercation, and everything said and done was a part of the res gestæ. Page v. State, 17 Ala. App. 70, 81 South. 848; Watson v. State, 18 Ala. App. 787, 88 South. 362. Any evidence which tended to prove that defendant had in his possession the four tickets necessary for the fares of the party was relevant, as tending to prove that he gave the conductor the tickets and not the money.

[7] The written charges refused to defendant, where they assert correct propositions of law are all covered by the court in his oral charge or by written charges given at the request of defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

