(117 So. 156)

## JACKSON v. STATE. (8 Div. 646.)

Court of Appeals of Alabama. March 13, 1928.

Rehearing Denied March 27, 1928.

Stell & Quillin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

SAMFORD, J. The defendant and another were found out in the woods exercising acts of dominion and control over a still pot set in a furnace, with beer in it ready for cooking, and other attachments for a whisky still, all of which were suitable to be used in the manufacture of prohibited liquors, and all in Colbert county. It is the law, and was so charged by the court, that, in order to sustain a conviction, the evidence must convince the jury beyond a reasonable doubt that the defendant was in possession of a complete still. Not that such still was assembled and ready for use, but that all the parts were in defendant's possession, and suitable to be used in the manufacture of whisky, whenever it suited the defendant to assemble and use them for that purpose. The facts in this case, when taken in connection with section 4657 of the Code of 1923, present a case for the jury.

The court properly charged the jury upon the burden of proof as fixed by statute. The unexplained possession of any part of a still commonly or generally used in the manufacture of prohibited liquor makes a prima facie case for the jury.

The admission in evidence of the fact that a pint of white whisky was found in a "jumper pocket" at the place where the whisky still was found, even if error, is not sufficient upon which to base a reversal when the entire record is taken and considered, which we have done, and conclude that the defendant has had a fair trial, free from prejudicial error, and the judgment is affirmed.

Affirmed.