(135 So. 592)

## JOHNSON v. STATE.
### 7 Div. 814.

Court of Appeals of Alabama.

April 21, 1931.

Rehearing Denied May 5, 1931.

Rutherford Lapsey and Young & Longshore, all of Anniston, for appellant.

292

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of petit larceny.

It was charged in the indictment, under which he was tried, that he "feloniously took and carried away from a railroad car three journal brasses of the value of nine dollars, the personal property of the Louisville and Nashville Railroad Company, a corporation" etc.

We see nothing wrong with the indictment, and hold that the demurrers thereto were properly overruled. Code 1923, § 4905; Code 1923, § 4556 (form 64).

Appellant, under this indictment, could, of course, be convicted of the offense of petit larceny. Phillips v. State, 167 Ala. 75, 52 So. 746.

Due exception was reserved to that portion of the trial court's oral charge, which was in the following language: "I further charge you, that you should consider the evidence of an alibi with great caution,—that the law so considers it, for the reason that it is so easily manufactured."

True, the quoted excerpt follows the language of the written, requested instruction, the giving of which was approved by the Supreme Court in Provo v. State, 55 Ala. 222, but in the later decision and opinion of the Supreme Court in the case of Pate v. State, 94 Ala. 14, 10 So. 665, 666, it is held by that court, as follows: "We lay down the true rule to be that proof adduced to support an alibi should be considered by the jury with the other evidence in the case; and if, upon the whole evidence, there is a reasonable doubt of defendant's guilt, he should be acquitted."

As stated in the note to the case of State of South Carolina v. Danelly, 14 A. L. R. 1420 (116 S. C. 113, 107 S. E. 149), at page 1429, "The doctrine that instructions which disparage the defense of alibi are erroneous, and may be prejudicial, is illustrated by numerous cases," the learned annotator then citing, as illustrations, the cases of Williams v. State, 47 Ala. 659; Spencer v. State, 50 Ala. 124; and Porter v. State, 55 Ala. 95.

The above case of Pate v. State was not cited, in this note in 14 A. L. R., perhaps for the reason that the rule, therein declared, was not indicated in any of the headnotes to the official report of the case in the 94th Ala., but only came to light as the 7th headnote to the report of the case in vol. 10 So. 665, where it is stated in this language: "Where there is a defense of an alibi, the evidence in support of it should be considered in connection with all the other evidence in the case, and, if on the whole evidence there is reasonable doubt of defendant's guilt, he should be acquitted." We think this to be the correct and fair rule, the holding in Provo v. State, supra, to the apparent contrary, notwithstanding.

So we hold that the above-quoted portion of the oral charge, in this case, was incorrect.

For the error thus indicated, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.