(135 So. 410)

### ECHOLS v. STATE.
### 7 Div. 767.

Court of Appeals of Alabama.
June 16, 1931.

Pruet & Glass, of Ashland, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The indictment in this case contained two counts. Count 1 charged this appellant with the offense of distilling, etc., alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. Upon the trial, there was no evidence tending to support any of the allegations in this count 1; the court properly so held and instructed the jury accordingly by directing a verdict of not guilty as to this count.

Count 2 charged, in proper form and substance, the unlawful possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. As to this count, the undisputed evidence disclosed, pretermitting the question of possession, that the apparatus or appliance in question was not a complete still, that several component parts, necessary and essential to a complete still, were missing, and that it would have been impossible to make or distill whisky on the outfit found by the searching officers as testified to by them.

There was no evidence showing, or tending to show, that a complete still, etc., was found. The state relied for a conviction upon the evidence which tended to show the unexplained possession by defendant of a part or parts of a still above enumerated. There was, however, no evidence showing or tending to show, nor was there any attempt made to show, that the parts of the still al-

leged to have been found, as above, were commonly or generally used for, or that they were suitable to be used in, the manufacture of prohibited liquors or beverages, and the law requires such proof necessary in order to establish the prima facie case provided for in section 4657 of the Code 1923.

Under the rule of evidence established by said section, in order that the testimony shall constitute prima facie evidence of the violation of said act by the accused, the state must show by the required rules of evidence, that is to say, beyond a reasonable doubt, not only that the defendant had unexplained possession of any part or parts of a still, apparatus, appliance, or some device or substitute therefor, but the state must go further and prove that such part or parts of a still apparatus, appliance, or some device or substitute therefor, was commonly or generally used for, or that it was suitable to be used in, the manufacture of prohibited liquors and beverages.

In other words, under this statute, in order to make out the prima facie evidence therein provided, the burden is upon the state to show beyond a reasonable doubt (1) the possession of the article or articles designated, and (2) by the same measure of proof must also show that such article or articles, so in the possession of the accused, is commonly or generally used for the manufacture of prohibited liquors and beverages, or that such article or articles is, or are, suitable to be used for said purposes. These are plain terms of the statute, and courts are without authority to add to or take from the written statutory law as passed by the Legislature and approved.

In the absence of this necessary proof, it cannot be said that the alleged article came within the inhibited terms of the statute. Courts cannot take judicial knowledge of matters of this kind.

The foregoing is in line with numerous decisions of this court and of the Supreme Court. The point of decision involved was brought directly to the attention of the court, but the court declined to follow the decisions of the appellate courts of this state and thus fell into error.

Other insistences of error are presented involving the question of venue, and certain rulings of the court upon the admission of evidence, some of which appear to contain merit; but as the judgment of conviction from which this appeal was taken must of necessity be reversed because of the errors designated in the rulings of the court, these questions may be pretermitted as not being necessary to the decision.

Reversed and remanded.