142 So. 579

## THACKER v. STATE.

### 6 Div. 41.

Court of Appeals of Alabama.
July 30, 1931.

Rehearing Denied Aug. 4, 1931.

Affirmed on Mandate Feb. 2, 1932.

Rehearing Denied June 7, 1932.

L. D. Gray, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Malcolm E. Nettles, of Jasper, for the State.

RICE, J.

Appellant was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of fifteen years.

We do not see the necessity of a discussion of the evidence in the case. Though it may be proper to state that that connecting the appellant with the alleged offense for which he was convicted—the murder of one Jack Doolan—was entirely circumstantial.

His defense was an alibi, and the trial judge gave to the jury, at the request of the state, the following written charge:

"B. I charge you gentlemen of the Jury, that if after a consideration of all the evidence in this case, if you believe from the evidence in this case, the alibi of the defendant was not interposed in good faith or that the evidence to sustain it is simulated, false, and fraudulent, then, this is a discrediting circumstance to which you may look in connection with all the other evidence in determining the guilt or innocence of the defendant.

"Given—R. L. Blanton, Judge."

Whatever the rule may once have been in this state, with reference to charges of this nature, it is *now* that laid down in the opinion of the Supreme Court, in the case of Ex parte State (State v. Tobe Johnson) 223 Ala. 332, 135 So. 592, as follows: "The defense of an alibi is as legitimate and effective as any other; and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal as if the reasonable doubt had been created or produced by any other legitimate evidence. We would not be understood as saying that the jury may disregard other evidence in the case, and consider only that in relation to the alibi. The whole evidence should be duly considered and weighed; and if, after considering the whole evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should acquit."

This rule laid down in this opinion was by way of denying the state's application for writ of certiorari, to revise, or reverse, our own opinion and decision in the case of Tobe Johnson v. State, 24 Ala. App. 291, 135 So. 592, in which opinion we had quoted and approved the following statement, to wit: "The doctrine that instructions which disparage the defense of alibi are erroneous, and may be prejudicial,

is illustrated by numerous cases," citing some of our own Supreme Court's decisions, etc.

■ So now, construing the rule, above, laid down by our Supreme Court, in the light of the situation which called forth its utterance, we hold that "instructions which disparage the defense of alibi are erroneous."

■ State's written, requested, and given charge B, quoted above, was of this character, and its giving was prejudicial error. The same is true of state's written, requested, and given Charge C.

■ It was error—the witness stating that he could not say that he knew the difference (in sound) between a rifle shot and a pistol shot—to allow J. C. Willingham to testify that the shots which he says he heard, in the direction of the place where deceased was later found, dead, "sounded like a rifle to me (him)."

■ The testimony bore on a question in the case vital to appellant's rights, and, being but the unauthorized conclusion or opinion of the witness, it should not have been allowed. It was highly prejudicial.

The other questions in the case are simple, and, in all probability, will not arise in their present form, on another trial. They will not be treated.

For the errors pointed out the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

Opinion after Remandment by Supreme Court.

PER CURIAM.

Upon the original consideration of this case, we searched, as it was our duty to do, the record for error. We gave careful study to the briefs filed, both on behalf of the state, and the appellant, and, finding what we conceived to be reversible error, we reversed the judgment of conviction—pointing out in our opinion our reasons for doing so.

The Supreme Court has reversed our action, and the case is now before us for further consideration.

We have again examined the entire record, including the bill of exceptions. But, as stated in our original opinion, the questions, other than those therein treated by us, are simple. They seem not to require specific mention.

Nowhere, other than as pointed out in our original opinion, do we discover any ruling of a prejudicially erroneous nature.

Accordingly, upon the authority of the opinion of the Supreme Court, which is binding upon us (Code 1923, § 7318), and, in view of what we have hereinabove said, the judgment of conviction is affirmed.

*Affirmed.*