166 So. 618

**LITTLE et al. v. STATE.**

7 Div. 198.

Court of Appeals of Alabama.

March 10, 1936.

Merrill, Jones & Whiteside, of Anniston, for appellants.

120

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendants were indicted by the grand jury and charged in two counts (1) with unlawfully possessing a still, etc., and (2) manufacturing whisky. They were each convicted under the first count, which acquits them under the second count and renders it unnecessary for us to pass on any questions relating to the charge under the second count.

In his oral charge to the jury the court said in part: "Now as to that feature of it (the possession of a part of a still) a person who is found in the possession of a part of a still it is a presumption that he is in possession of the whole." He also charged the jury as a part of his oral charge, as follows: "So, from this evidence, if you are convinced beyond a reasonable doubt that the defendants, either one or both of them, were in possession of a part of the still, then that would be prima facie evidence that he was in possession of the whole." To each of the two above-quoted excerpts from the court's oral charge the defendants each separately and severally excepted. Seeming to realize that there was merit in the exceptions, the court stated to the jury: "Gentlemen, I possibly made an inadvertent statement to you and Mr. Jones' exception called my attention to it. If I stated to you that possession of a part of a still is presumptive evidence that he is in possession of the whole of it, I didn't mean to state that. What I meant to state was that if he is in possession of a part of a still it is prima facie evidence that he is in possession of the whole. I will withdraw that other statement. I am sure I made it but I didn't intend to." To this explanation the defendants each duly and legally excepted.

It has many times been held by this court that Code 1923, § 4657, is a rule of evidence fixed by the Legislature in its efforts to suppress the liquor traffic. It creates no crime and fixes no penalty, but simply fixes what will be prima facie evidence of a violation of the preceding section of the Code when certain facts are proven, which are the unexplained possession of any part or parts of any still, apparatus or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages.

This court has consistently held that, before the possession of a part of a still, etc., shall make a prima facie case against the defendant, the evidence must show beyond a reasonable doubt (1) the possession of the articles or parts designated; (2) that such articles or parts were commonly or generally used for, or that they were suitable to be used in, the manufacture of prohibited liquors; and (3) that there is no satisfactory explanation of such possession. Ex parte State ex rel. Davis, 211 Ala. 574, 100 So. 917; Wilson v. State, 20 Ala.App. 62, 100 So. 914; Echols v. State, 24 Ala. App. 352, 135 So. 410.

The statement, "If he is in possession of a part of a still, it is prima facie evidence that he is in possession of the whole," without more, is not sufficient to state the rule of evidence made by section 4657 of the Code, supra. Notwithstanding the proof beyond a reasonable doubt that defendants were in possession of a part of a still suitable to be used in the manufacture of whisky and such possession was unexplained, yet, if the facts and circumstances disclose that in fact no completed still was in possession of defendants, there could be no conviction in spite of the prima facie case made by the state. This point should be made clear to the jury in explaining the legislative rule of evidence. Pate v. State, 19 Ala.App. 642, 99 So. 833; Berry v. State, 20 Ala.App. 102, 100 So. 922.

During the argument the following occurred: "While R. E. Jones, one of the attorneys for the defendants, was arguing the case to the jury, and replying to the arguments of the State's solicitor as to the interest of the defendants in the case, said attorney stated as follows: 'State's witness Williamson is also interested in this case on account of the fact that if a conviction is secured he will receive an informers fee or conviction fee from the State.' The solicitor objected to the said statement made in argument on the following grounds: 'I object to any statement that this man receives the money in case of a conviction. Mr. Borders was the Sheriff and he might get it.' The court sustained the objection of the state's solicitor, to which action defendants duly and legally reserved an exception."

■ The witness Williamson, who was a deputy sheriff, instigated the prosecution and was the state's only witness on the trial. Upon conviction of these defendants or either of them, Williamson was entitled to and could collect a fee of $50 under section 4659 and section 4626 of the Code of 1923. The payment of the $50 fee was entirely dependent on the testimony of the witness Williamson. While it is hard to conceive that a deputy sheriff would shade or vary his testimony for a paltry $50, still it might be so, and, in view of the fact that both defendants denied his testimony in toto and another witness not so interested testified to statements by Williamson on the day of the arrest tending to impeach his testimony on the trial, the jury might conclude that $50 might create such an interest as to cause Williamson to testify falsely. At any rate, the jury was entitled to have and to consider this fact, and Attorney Jones was well within his rights as counsel when he adverted to it in his argument. The court erred in sustaining the state's objection to this argument.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.