173 So. 407

**COPELAND v. STATE.**

7 Div. 247.

Court of Appeals of Alabama.

Feb. 2, 1937.

Rehearing Denied March 23, 1937.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

L. B. Rainey, of Gadsden, for appellant.

SAMFORD, Judge.

The indictment was in two counts. One count charged the manufacturing of whisky and the second charged the unlawful possession of a still, etc. The verdict was general and referable to either count.

■ The evidence for the State was positive and tended to prove every fact necessary to establish the corpus delicti and to connect this defendant with the commission of the offense. The evidence for the defendant was to the contrary so far as it tended to connect the defendant with the crime, but under proper instructions from the court, these questions were properly submitted to the jury and hence the court did not err in refusing to grant the defendant the general affirmative charge, as requested in writing.

■ The witness, McCreless, was duly qualified as to his familiarity with stills, beer, and whisky, so that he might testify that a liquid found in barrels at the still was beer, and was the kind of beer from which whisky was made. This was a fact descriptive of the beer found at the still then being operated by the defendant, and was relevant. Catrett v. State, 19 Ala.App. 311, 97 So. 124.

■ That the witness, McCreless, saw several persons other than the defendant at or around or in close proximity of the still,

was perhaps immaterial, it not being shown that these other parties were in any way connected with the defendant. Such evidence could not have injuriously affected this defendant.

Some objection is made to the testimony of the witness, McCreless, it being contended that he was not qualified to testify as an expert. On this point it was testified to by the witness: "That he knows how whiskey is manufactured." Also, that witness said, "He had had considerable experience in raiding places, that he had been a Deputy Sheriff about five (5) years, that he has raided about two or three hundred stills, that he had occasion to observe, or examine or smell this beverage beer out of which whiskey is distilled." This testimony qualified the witness to testify that the still was complete and in operation; that the beer being distilled was such beer as is usually used; and that the product coming from the still was whisky. To authorize the witness to testify as an expert it must appear that by study, practice, experience, or observation as to the particular subject inquired about that he has knowledge beyond that of an ordinary person. Cochran v. State, 20 Ala.App. 109, 101 So. 73. In this case, the evidence tends to show that the witness had such knowledge. The State was allowed over the objection of defendant to prove in what manner the arrest of this defendant was made by the officer. The testimony on this point appears in the bill of exceptions: "Where the Witness was asked, how he arrested the defendant. And Witness stated that he just got up and told him lets go." This could not in any way have affected the rights of the defendant. Moreover, the arrest was made at the place and at the time while the still was in operation, and was a part of the res gestæ.

Other objections and exceptions to the introduction of evidence have been examined and we find them to be without merit. Refused charge, without number, but which we have marked No. 5, was covered by the oral charge of the court and the written charges given at the request of the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

It is insisted on rehearing that the statement, "Refused charge, without number but which we have marked Number 5,

was covered by the oral charge of the court and the written charges given at the request of the defendant," is not borne out by the record. The only witness who could have been interested in the result of the verdict was the sheriff. As to this, the court in his oral charge said: "In as much, as it has been argued on both sides, what is the law relating to the fees of Sheriff in cases of this kind, I believe, it my duty to charge you with reference to what the law is, and here it is. I will read it to you from the Code." (Here the court reads the section referred to.) Then stating that the fee provided was $50, on these stills. In that connection the court proceeded to charge that if any witness has manifested any bias or interest or prejudice, either for the State or for the defendant, they should take that into consideration in determining the weight that should be given the evidence of that witness. Following this, and at the request of the defendant, in writing, the court gave this charge: "The court charges the Jury that if you believe from the evidence that any witness is financially interested in your verdict, you many consider such interest in weighing the testimony of such witness." We are of the opinion that the refused charge was fully covered and that the jury's attention was directed to the testimony of the sheriff, who in case of conviction was to receive a fee of $50.

The application is overruled.

Application overruled.