181 So. 707

## NUGENT v. STATE.

### 8 Div. 443.

Court of Appeals of Alabama.

Feb. 22, 1938.

·Rehearing Denied April 12, 1938.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The testimony for the State tends to prove that the defendant, with others, was in possession of a complete still on an island in the Tennessee river, within the jurisdiction of the court. Some of the witnesses who were qualified as to their familiarity with still and still parts, suitable to be used in the manufacturing of whisky, testified as to the still and its component parts. This testimony was relevant and admissible, and not subject to the objection that it was conclusions of the witnesses. This testimony comes under the rule of collective facts which may be testified to, instead of a description of the component parts going to make up a whole. Copeland v. State, 27 Ala.App. 405, 173 So. 407; Arrington v. State, 24 Ala.App. 233, 133 So. 592; Adams v. State, 22 Ala. App. 566, 118 So. 325.

Objection is taken to a question asked by the solicitor, to wit: "Did the still have the appearance of having been fired before that?" To which the witness answered, "Yes Sir." To sustain this objection and exception we are cited to the case of Haynes v. State, 20 Ala.App. 160, 101 So. 167, 168, in which Foster, Judge, speaking for this court, said: "A witness may not testify that a still showed it had been recently used, this being a conclusion." It will be observed that the holding in the Haynes Case, supra, referred to the time at which the still had been used, while in the instant case the testimony is as to a fact as it appeared from an observation of the still. The answer in this case relates to the fact of use, rather than the expression of an opinion as to the time when it had been used. If a pot is covered with soot or smoke, or other evidence that fire had been applied to it, a witness may testify as to the fact that it had been used, but as to how long it had been since it had been used would be an opinion. The court did not err in this ruling.

The appellant takes exception to the following excerpt from the oral charge of the court: "If they haven't explained it to the reasonable satisfaction of the jury and the parts they were found in possession of was the parts commonly or generally used or suitable to be used in the manufacture of liquor, then the jury would be authorized to determine from that fact, if it be a fact, that the defendants were in possession of a complete still."

When it has been proven by the evidence, beyond a reasonable doubt, that a defendant is found in possession of the parts of a still enumerated in section 4657 of the Code of 1923, and no explanation is offered, a prima facie case is made out that he was in the unlawful possession of a complete still. Freeman v. State, 21 Ala. App. 629, 111 So. 188. In such a case a jury, weighing the whole evidence, may find the defendant guilty as charged. Maisel v. State, 17 Ala.App. 12, 81 So. 348.

This does not change the burden of proof. The State still has the burden of proving its case beyond a reasonable doubt; and in offering the explanation of a possession of a still, etc., a defendant rebuts the prima facie case when he offers testimony of sufficient weight to raise in the minds of the jury a reasonable doubt of a guilty possession. Johnson v. State, 223 Ala. 332, 135 So. 592; Id., 24 Ala.App. 291, 135 So. 592; Webster v. State, 19 Ala.App. 587, 100 So. 201; Ex parte Webster, 211 Ala. 316, 100 So. 202; Thacker v. State, 25 Ala.App. 163, 142 So. 579; Lee v. State, 24 Ala.App. 168, 132 So. 61. However, in the instant case, there was

184

no attempt on the part of the defendant to explain the possession of the articles found in his possession, and, therefore, that part of the court's oral charge, to which exception was taken, was abstract, and did not injuriously affect the defendant's cause.

It is contended by the appellant that the presumption arising, by reason of section 4657 of·the Code of 1923, is not sufficient to overcome the ·presumption of innocence to which a defendant on trial in a criminal case is entitled, as a matter of evidence, and, therefore, the defendant here should have been given the affirmative charge, as requested. In other·words, that the one presumption would offset the other. This is not the case. When the testimony proves to the jury, beyond a reasonable doubt, that the defendant was in possession of the articles described in section 4657, supra, a presumption of law arises, as fixed by the statute, making the ·question of possession one for the jury rather than a case for the affirmative charge. Roman, Trustee, v. Lentz et al., 177 Ala. 64, 67–71, 58 So. 438; Maisel v. State, 17 Ala. App. 12, 81 So. 348.

Requested charge 22 was fully covered by the court in its oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.