38 So.2d 619

### TRAFFENSTEDT v. STATE.
### 7 Div. 970.

Court of Appeals of Alabama.
Feb. 1, 1949.

H. T. Foster, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was charged in an indictment containing two counts, (1) manufacturing prohibited liquor, (2) possessing an illegal still.

Count one was eliminated by the general affirmative charge. A conviction followed under the remaining count.

We take the following from the brief of the Assistant Attorney General:

"The evidence introduced on behalf of the State tended to show that the accused and Paul Dunn were exercising dominion over and control of an alleged still located on the property of another. At about daybreak one day in July, they lifted the lid off the still and one of them examined the beer and said it was ready. They then noticed some tracks and went to see where they came from. In so doing, they walked towards one of the officers who was watching the alleged still. Thereupon, the officers arrested Dunn, but the accused ran away. He was not arrested until the next night.

"The testimony of the officers who were qualified as experts on stills, was to the effect that the apparatus in question, together with the disconnected parts, was commonly used or suitable to be used for the manufacture of prohibited liquor, although it may not have constituted a modern up-to-date still complete in every detail and as to every connected part.

"The accused and Dunn denied any knowledge of or connection with the still. The effect of their testimony was that they were out looking for berries at the time in question and ran across the still. The excuse for not having buckets or other containers for the berries they were to find was that they were going to carry their women

folks over there and pick them if there were any."

This is a fair statement of the tendencies of the evidence. To it we add that the sheriff testified that as the appellant and his companion approached near the still place they stopped and cut or broke some wood.

 It is clear that, by applying the provisions of Sec. 132, Title 29, Code 1940, the accused was not due the affirmative charge as to count two of the indictment. Lowrey v. State, 26 Ala.App. 159, 155 So. 313; Jackson v. State, 22 Ala.App. 409, 117 So. 156; Nugent v. State, 28 Ala.App. 182, 181 So. 707; Davis v. State, 24 Ala.App. 190, 132 So. 458.

All that was said and done by the parties present while the raid was in progress and the arrests were being made constituted a part of the res gestae and was admissible in evidence. Staples v. State, 23 Ala.App. 273, 124 So. 122.

At the time one of the officers was allowed, over objections, to testify that the parts found were suitable for the purpose of manufacturing whiskey, his qualifications were not sufficiently shown. However, later in the proceedings this proof was made. The error in the first instance was thereby obviated. Jennings v. State, 15 Ala.App. 116, 72 So. 690; Winn v. Cudahy Packing Co. of Ala., 241 Ala. 581, 4 So.2d 135.

The appellant introduced a witness who related a part of a conversation he had with the sheriff after the occurrence of the main event. Clearly, it was permissible to allow the solicitor to reintroduce the sheriff and have him give the whole of the same conversation. Graham et al. v. State, 233 Ala. 387, 171 So. 895; Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111.

We would be out of harmony with the accepted rule to charge error on the action of the trial court in overruling the motion for a new trial. Freeman v. State, 30 Ala. App. 99, 1 So.2d 917.

We have responded to all meritorious questions contained in the record.

It is ordered that the judgment of the circuit court be affirmed.

Affirmed.