162 So.2d 889

**Howard KIZZIAH**

v.

**STATE.**

**6 Div. 965.**

Court of Appeals of Alabama.

April 7, 1964.

Morel Montgomery, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of conviction of possessing a still. Code 1940, T. 29, §§ 131 and 132. Sentence was set at four years in the penitentiary.

The State's evidence did not show all the components of a working distillery were present and assembled.

We tabulate:

A. Found at Site

1. Parts Shown

   a) 376 gallon covered tank with burner

   b) Fuel line nearby

   c) 356 gallons of alcoholic mash in tank with burner

   d) 5-gallon can of fuel oil in still yard.

2. Parts Missing

   a) Capper

   b) Cooler

   c) Thumper

   d) Steam lines

B. Found About 30 Yards from Kizziah's Residence
   (R. pp. 50–51.)

All parts needed to complete apparatus listed in 2 a) through d), above.

———◆———

Kizziah confessed to ownership certainly of the tank or still pot. A State witness saw him testing the mash, moving the fuel and connecting the fuel feeder lines. With the fire pot full and burner ready, fuel lines hooked up to the fuel and the defendant's testing the mash, a reasonable jury could infer that a still was about to be put to work.

Code 1940, T. 29, § 132, reads:

" § 132. The unexplained possession of any part or parts of any still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages shall be prima facie evidence of violation of this article."

After the oral charge, defense counsel excerpted thus:

"MR. MONTGOMERY: Just a minute, Judge.

"(Counsel for the defendant, before the jury retired, caused to be read to the Court the following portion of the Court's oral charge:

" 'Now, the law further says that the possession of a part, if the part is suitable to be used in the making of whiskey, not that it by itself would make it, but if it is a part that is suitable to be used in the making of whiskey, the possessing of such part, then it is prima facie evidence that he has the rest of it, and raises the presumption that he does have the rest of it. It is not, of course, positive conclusive proof, in other words, that he does have the rest of it, but if a man has possession of a part of a still, then it is sufficient to be a violation of the law in that it is prima facie evidence that he has the still, the rest of it, somewhere else, and is sufficient if all the evidence convinces

the jury that he did have such part and did have possession of the whole still.')

"MR. MONTGOMERY: We except to that part."

■ Section 132, supra, to which the trial judge was clearly referring, has been construed to state a rule of evidence. Nevertheless, the burden of proof remains throughout on the State. Nugent v. State, 28 Ala.App. 182, 181 So. 707. In Stover v. State, 36 Ala.App. 696, 63 So.2d 386, this court, per Price, J., said:

" * * * Our courts hold in such cases, where the State relies on the rule of evidence established by Section 132, Title 29, Code: for a conviction under Section 131 of said Title, it is necessary to prove beyond a reasonable doubt (1) possession by the defendant of the articles designated, and (2) that such article or articles are commonly or generally used for or suitable to be used in the manufacture of prohibited liquors or beverages. And unless both of said elements are established the defendant is entitled to the general affirmative charge. * * * "

Wigmore says, "No presumption can be evidence; it is a rule about the duty of producing evidence." Evidence (3d Ed.), § 2511, p. 409. Gordon v. State, 268 Ala. 517, 110 So.2d 334, adopts this premise.

Though, in Little v. State, 27 Ala.App. 119, 166 So. 618, we find this:

"The statement, 'If he is in possession of a part of a still, it is prima facie evidence that he is in possession of the whole,' without more, is not sufficient to state the rule of evidence made by section 4657 of the Code, supra. Notwithstanding the proof beyond a reasonable doubt that defendants were in

possession of a part of a still suitable to be used in the manufacture of whisky and such possession was unexplained, yet, if the facts and circumstances disclose that in fact no completed still was in possession of defendants, there could be no conviction in spite of the prima facie case made by the state. This point should be made clear to the jury in explaining the legislative rule of evidence. * * *"

Nevertheless, we distinguish this statement from the instant above quoted charge. Freeman v. State, 21 Ala.App. 629, 111 So. 188; Jones, Alabama Jury Instruction, § 6556.

■ This latter charge (in Freeman) used "a part of an apparatus, commonly or generally used, or suitable to be used, for the purpose of manufacturing etc." The trial judge here twice said, " * * * if the part is suitable to be used in the making of whiskey."

However, in the quoted excerpt to which counsel excepted, the court made no reference to the consideration of the defendant's evidence, if any, which would tend to explain his claimed possession, of such a part of a still. But we note the expression, "then it is prima facie" evidence that he has the rest of it * * *. It is not, of course, positive conclusive proof."

■ "Prima facie evidence" means that which brings about a measure of proof which, unless it is self contradictory or is contradicted by the defense, would support the jury's inferring the existence of one or more elements of a crime.

As used in the quoted language "prima facie evidence" directs attention to (1) whether the defendant possessed the parts, (2) whether these parts were generally or commonly used for or suitable to be used in making prohibited liquor, and (3) the inchoate verdict that may take form in the minds of the jury when the first and second items are shown without contradiction from *all* the evidence.

We consider the criticism of the trial judge's charge in the Little case, supra, inapplicable here.

The judgment of the circuit court is due to be

Affirmed.