272 So.2d 605

Clarence SHEPPARD, alias

v.

STATE.

6 Div. 390.

Court of Criminal Appeals of Alabama.

March 20, 1973.

———◆———

Graydon L. Newman, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Herbert H. Henry, Asst. Atty. Gen., for the State.

TYSON, Judge.

The December, 1965, Term of the Grand Jury of Jefferson County, Alabama, indicted the appellant, Clarence Sheppard, for first degree murder. The appellant entered pleas of not guilty and not guilty by reason of insanity, and was taken to Searcy Hospital at Mt. Vernon, Alabama, where he was evaluated, and remained there until March, 1970. At this time appellant was declared competent to stand trial and was taken back to Birmingham where he was arraigned in December, 1970, accompanied by counsel. Trial was had in February, 1972. Appellant was found guilty of murder in the first degree, and the Jury's verdict and judgment fixed punishment at death.

The State's evidence established that the deceased, Lillian Lee Cunningham, had employed the appellant to do odd jobs around her home for several years prior to her death. This was established through testimony of her husband. Evidence at the trial showed that the appellant had been working around the house of the deceased on the morning she was killed by strangulation. The husband of Lillian Lee Cunningham found her body when he returned home from work near midnight on December 5, 1965; that items of clothing, a television set, a record player, some jewelry and a watch had been taken from his house. Testimony indicated that the deceased had been stabbed numerous times; that her throat had been cut; that a cord had been placed round her throat; and a towel had been forced down her throat, which caused her false teeth to strangle her. Testimony of a witness, Alex Welch, Jr., who accompanied the appellant to Mississippi, was that the appellant entered the house of the deceased, Lillian Lee Cunningham, on the night of her death and that he removed a television set, some clothes, a record player, and other items from the house; that the appellant accompanied the witness, Alex Welch, Jr., in his car to Meridian, Mississippi with another party, "Icie Mae," and that all the parties

had a drinking party on the way to Meridian. Further testimony indicated that when they arrived in Meridian, the appellant hocked the television set, a watch, and record player, all being identified as belonging to the deceased, Lillian Lee Cunningham, and her husband. The money received by disposing of the above items was used by both the appellant and Alex Welch, Jr., to buy whiskey and rent a room in Meridian, Mississippi; that when the appellant and Alex Welch, Jr., were arrested in Meridian, Mississippi, items of clothing, being identified as belonging to the deceased's husband, were found in the back seat of the car belonging to the State witness, Alex Welch, Jr.; that the other items that were hocked in Meridian, including a television, record player, and wrist watch, were recovered by the police and identified by the deceased's husband as belonging to the deceased and himself. A transistor radio was removed by the police from the home of Alex Welch, Jr.'s aunt in Cuba, Alabama, which was identified as having been left there by the appellant in route to Meridian.

Coroner W. L. Allen testified that the cause of death was "from strangulation due to the denture being in the larynx."

The trial court originally ordered the appellant to Searcy Hospital in Mt. Vernon, Alabama, where he had remained from February, 1966, until March, 1970, and had been diagnosed as a Schizophrenia Paranoid type.

### I

Prior to trial, appellant's counsel filed a motion with the trial court for a dismissal of the case in that the appellant desired to require the doctor who had examined him within a month or two after the incident in question to appear in open court pursuant to subpoena and testify. The doctor had written appellant's counsel that pursuant to the provisions of Title 45, Section 226, Code of Alabama 1940, recompiled 1958,

due to the nature of his duties and the welfare of his patients, he would be unable to personally appear but was sending the complete medical record of the appellant, properly authenticated for introduction at trial. These records were, of course, placed in evidence in the trial of this cause, but a letter written by Dr. Condom to appellant's counsel, wherein his condition was summarized, was disallowed by the trial judge as it had not been authenticated as a part of the medical record of the appellant.

█▌ Under the provisions of Title 45, Section 226, and Title 15, Section 297, Code, supra, we find that the trial court correctly ruled that the proper procedure to obtain the testimony of the physician in charge of the State mental hospital is by way of deposition under the aforesaid statutes, therefore, the trial court's ruling in this regard is free from error. See also Argo v. State, 282 Ala. 509, 213 So.2d 244.

### II

█ Appellant objected to the introduction of several photographs made at the scene. We deem these photographs properly admitted under the rules set forth in Smarr v. State, 260 Ala. 30, 68 So.2d 6, and authorities therein cited.

### III

█ At the close of the State's evidence, the appellant moved to exclude same and for a dismissal, contending that the State had not established a prima facie case. Our Court in Kizziah v. State, 42 Ala.App. 303, 162 So.2d 889, defined "prima facie evidence" as follows:

" 'Prima facie evidence' means that which brings about a measure of proof which, unless it is self contradictory or is contradicted by the defense, would support the jury's inferring the existence of one or more elements of a crime."

In McDowell v. State, 238 Ala. 101, 189 So. 183, we find the following:

"It is well settled in this jurisdiction that it is the province of the judge to determine whether there is testimony sufficient to make it appear prima facie that the offense has been committed. The evidence on which the judge acts may not necessarily establish the corpus delicti. It may be, and often is, conflicting and contradictory. In such case, the credibility of the witnesses and the sufficiency of the entire evidence are for the ultimate decision of the jury. Winslow v. State, 76 Ala. 42; Ryan v. State, 100 Ala. 94, 14 So. 868; Martin v. State, 125 Ala. 64, 28 So. 92.

"The corpus delicti is a fact, proof of which may be made by circumstantial evidence. If there is a reasonable inference deducible from the evidence of its existence, the court must submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury. Martin v. State, supra; Lewis v. State, 220 Ala. 461, 125 So. 802; Wilson v. State, 191 Ala. 7, 67 So. 1010; Newell v. State, 115 Ala. 54, 22 So. 572."

Under the above authorities, we believe the trial court correctly overruled the appellant's motions.

## IV

Finally, appellant's counsel cites us to Furman v. Georgia, and companion cases, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

The question presented in this case is identical to that presented in Hubbard v. State of Alabama [1973], 290 Ala. 118, 274 So.2d 298, decided by the Supreme Court of Alabama that day.

On authority of Hubbard v. State of Alabama, supra, the sentence of death imposed on the defendant, Clarence Sheppard, is vacated and set aside. In lieu and instead thereof, the sentence is corrected to provide that the said Clarence Sheppard be imprisoned in the State Penitentiary for the term of his natural life. The clerk of this court shall furnish a certified copy of this order to the clerk of the Circuit Court of Jefferson County, and the clerk of that court shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

We have carefully examined the record in this cause as is our duty pursuant to Title 15, Section 389, Code of Alabama 1940, and find same to be free from error.

It follows that except as to the death sentence, the judgment of the circuit court is affirmed. With regard to the death sentence, the judgment of the circuit court is modified and the sentence is reduced to life imprisonment, and as modified, the judgment is affirmed.

Modified and affirmed.

ALMON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., concurs specially.

CATES, Presiding Judge (concurring).

I concur in Parts II, III and IV of my brother Tyson's opinion.

However, as to Part I, I consider that Code 1940, T. 45, § 226 cannot be used by the doctors of the State's insane hospitals as a refuge from compulsory attendance as witnesses (after subpoena) in a *criminal* prosecution. The deposition called for in § 226 requires consent of the defendant.

First, the State Constitution—as well as the Federal—gives the defendant the right of compulsory process for the attendance of witnesses. Our statute for attendance of witnesses (T. 7, § 448) extends the reach of a subpoena (under conditions) to the length and breadth of the State. The

right to compulsory process is elaborated on in McElroy, Evidence (2d ed.) § 338.01.

Since the trial judge expressly stated that § 226, supra, was "no good in criminal cases"—with which I agree—that section is not good authority on which to hang our decision in this case.

Here, I think that since the defendant failed to file the affidavit required by Code 1940, T. 7, § 448, he was not entitled to a subpoena for a witness residing more than 100 miles from Birmingham.

Hence, I would substitute the foregoing for Part I of Judge Tyson's opinion.